Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendant CITY OF OXNARD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.W., a Minor, through her Guardian Ad Litem, Mark Wilson; MARK D. WILSON, as Guardian Ad Litem of J.W., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>CITY OF OXNARD, MARTIN POLO, and DOES 1 through 10, Inclusive, <br><br>　　　　Defendants. | No. CV 07-06191 GPS (SHx) <br><br> **DEFENDANT CITY OF OXNARD'S MOTION IN LIMINE NO. 15** <br><br> Date : September 22, 2008 <br> Time : 11:00 a.m. <br> Ctrm : 7 <br><br> PTC  : September 22, 2008 <br> Trial: October 14, 2008 |

**I.**

**ENABLING AUTHORITY**

Pretrial motions in limine are useful tools to resolve issues which would otherwise require sidebar conferences and argument outside of the hearing of the jury.  Motions in limine save jurors' time and eliminate distractions.  They enable the Court to give more deliberate and careful consideration than if the issues were raised for the first time during trial.  Rulings granting in limine motions also save the parties preparation time and save the Court

trial time. *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986). Motions in limine also preserve the objection for appeal, thus eliminating the need for disruptions by objection at the time of the proffered evidence. *Mukhtar v. CSU Hayward*, 299 F.3d 1053, 1062 (9th Cir. 2002).

This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which took place on August 6, 2008.

## II.

### DEFENDANT CITY OF OXNARD REQUESTS IN LIMINE EXCLUSION OF THE INDIVIDUAL DEFENDANT'S COLLECTIVE GENDER REFERENCES

During the course of the individual defendant's interview in the criminal investigation into plaintiff's accusation, there were collective gender references. On a few occasions there were references to the opposite gender by collective profane epithets. These involved allusions to the opposite gender by use of the "c" profanity and vulgar references to their utility in connection with the reproductive obscenity.

These collective gender profanities have no tendency in reason to prove or disprove whether the individual defendant sexually violated the plaintiff on the occasion in question, August 15, 2006. Therefore, they are irrelevant and immaterial within the meaning of Federal Rule of Evidence 401 and 402. To be relevant, evidence must be both probative of the proposition which it is offered to prove and the proposition to be proven must be one of consequence to the determination of the action. *United States v. Kaplan*, 490 F.3d 110, 120-121 (2d Cir. 2007).

Additionally, profane group descriptions are substantially more prejudicial then probative within the meaning of Federal Rule of Evidence 403. They paint the individual defendant as a misogynist. This character baiting is rank prejudice for prejudice's sake.

Such inflammatory characterizations would instantly alienate half of the jurors. It would be difficult to give detached and neutral consideration to the evidence so strongly disproving guilt when having such offensive characterizations in mind.

## III.

## CONCLUSION

For the foregoing reasons and authorities, it is respectfully requested that the Court exclude in limine all of the individual defendant's collective gender characterizations.

Dated: August ____, 2008

        LAW OFFICES OF ALAN E. WISOTSKY

        By:_____
           JEFFREY HELD
           Attorneys for Defendant,
           CITY OF OXNARD

3