1 | Etan Z. Lorant (SBN: 108820)
2 | **LAW OFFICES OF ETAN Z. LORANT**
5850 Canoga Avenue, Suite 400
3 | Woodland Hills, CA 91367
Tel: (818) 990-3990
4 | Fax: (818) 990-5812

5 | J.W., A Minor, through her Guardian Ad Litem, MARK WILSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W. A Minor, through her Guardian Ad Litem, MARK WILSON | Case No.: CV 07-06191 GPS (SHx) |
| Plaintiffs, | **PLAINTIFF'S MEMORADNUM OF CONTENTIONS OF FACTS AND LAW PURSUANT TO LOCAL RULE 9.5** |
| vs. | |
| CITY OF OXNARD, MARTIN POLO, and DOES 1 through 10, Inclusive, | **Pre-Trial Date: Sept. 22, 2008** |
| Defendants. | **Time: 11:00 a.m.** |
| | **Ctrm: "7"** |

\\\

\\\

-1-

1   TO THE HONORABLE COURT AND EACH PARTY AND EACH

2
ATTORNEY OF RECORD IN THIS ACTION:
3

4   Plaintiff hereby submits her Memorandum of Contention of Facts and Law

5
pursuant to the Local Rules, Rule 9.5.
6

7

8   DATED: August _28_, 2008          LAW OFFICES OF ETAN Z. LORANT

9

10                                    By: _____

11                                          ETAN Z. LORANT, ESQ.
                                            Attorneys for Plaintiff,
12                                          J.W. , A Minor, through her Guardian
                                            Ad Litem, MARK WILSON
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            -2-

**PLAINTIFF'S MEMORANDUM**          **CASE NO.: CV 07-06191 GPS(SHx)**
**OF CONTENTIONS OF FACTS AND LAW**
**PURSUANT TO LOCAL RULE 9.5**

## MEMORANDUM OF CONTENSION OF FACTS AND LAW

## I.

## FACTUAL CONTENTIONS

Plaintiff in this case was a 12-year-old minor at the time of the underlying incident herein. She was *sexually assaulted and raped* by Defendant Officer Martin Polo in the "Beat 21" Storefront Substation of the Oxnard Police Department on August 15, 2006 in the afternoon hours.

The child had called Officer Polo for assistance, and Officer Polo improperly picked her near her mother's house, and drove her to the isolated Beat 21 Substation at the early afternoon hours of August 15, 2006. At first, Defendant Officer Polo, offered the child money to engage in sex with him, and when the minor refused, he proceeded to sexually force himself on her in the backroom of the Substation.

Plaintiff also alleges that Defendant City of Oxnard failed to properly supervise, train and discipline Officer Polo prior to the incident, and that some Officers of Defendant City of Oxnard who had access to the Beat 21 Substation had habit, custom and practice of using the isolated Substation, and in particular the private backroom, for sexual activities.

\\\

\\\

-3-

**PLAINTIFF'S MEMORANDUM**
**OF CONTENTIONS OF FACTS AND LAW**
**PURSUANT TO LOCAL RULE 9.5**

**CASE NO.: CV 07-06191 GPS(SHx)**

Plaintiff has had a difficult time dealing with and overcoming the memory of the incident, and was in a lock-down facility in Utah for over a year and a half where she received psychological care for her emotional trauma and mental needs. She is now at a step-down facility.

It appears that the isolated and private nature of the Substation allowed and facilitated several officers including Defendant Polo to engage in sexual trysts with various women.

The District Attorney rejected prosecution of Defendant Polo for insufficient evidence to meet the criminal 'beyond reasonable doubt' standard.

A woman by the name of Anne Jones stepped forward and will testify that she had sexual intercourse with Defendant Polo at the Beat 21 Storefront Substation, and the Substation was also used by other Officers for sexual purposes.

Defendant Polo is no longer employed by the Oxnard Police Department. He denied any allegations of the rape.

\\\

\\\

\\\

\\\

\\\

\\\

-4-

**PLAINTIFF'S MEMORANDUM**                    **CASE NO.: CV 07-06191 GPS(SHx)**
**OF CONTENTIONS OF FACTS AND LAW**
**PURSUANT TO LOCAL RULE 9.5**

## II.

## PLAINTIFF'S CONTENTION OF LAW

I.     **SUMMARY OF ISSUES OF LAW**

Plaintiff has the following causes of action:

1.     Violation of 42 U.S.C. 1983

2.     Assault & battery

3.     Negligence

4.     Intentional infliction of emotional distress

5.     Violation of California Civil Code 51 et seq. (Unruh Act)

6.     Violation of California Civil Code 52.1

7.     Negligent hiring, retention and supervision

Pursuant to 42 U.S.C. 1983 and *Monell v. Department of Social Services* 436 U.S. 658 (1978), a governmental entity can be held liable to Plaintiff if the entity has custom, policy or practice that caused the violation of Plaintiff's constitutional rights, or if it failed to do something, such as failure to supervise, discipline or otherwise control the individual wrong-doers (i.e.: Officer Polo), that causes the violation of Plaintiff's rights.

Pursuant to *California Civil Code* Section 52.1(a): " If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the

-5-

PLAINTIFF'S MEMORANDUM                    CASE NO.: CV 07-06191 GPS(SHx)
OF CONTENTIONS OF FACTS AND LAW
PURSUANT TO LOCAL RULE 9.5

exercise or enjoyment by any individual or individuals of rights secured by the

Constitution or laws of the United States, or of the rights secured by the

Constitution or laws of this state, the Attorney General, or any district attorney or

city attorney may bring a civil action for injunctive and other appropriate equitable

relief in the name of the people of the State of California, in order to protect the

peaceable exercise or enjoyment of the right or rights secured.  An action brought

by the Attorney General, any district attorney, or any city attorney may also seek a

civil penalty of twenty-five thousand dollars ($25,000).  If this civil penalty is

requested, it shall be assessed individually against each person who is determined

to have violated this section and the penalty shall be awarded to each individual

whose rights under this section are determined to have been violated. (b) Any

individual whose exercise or enjoyment of rights secured by the Constitution or

laws of the United States, or of rights secured by the Constitution or laws of this

state, has been interfered with, or attempted to be interfered with, as described in

subdivision (a), may institute and prosecute in his or her own name and on his or

her own behalf a civil action for damages, ..."

      If Defendant Polo raped Plaintiff, Defendants would be liable for all causes

of action.

\\\

\\\

**PLAINTIFF'S MEMORANDUM          CASE NO.: CV 07-06191 GPS(SHx)**
**OF CONTENTIONS OF FACTS AND LAW**
**PURSUANT TO LOCAL RULE 9.5**

## II.   EVIDENTIARY PROBLEMS

Plaintiff filed several important motions-in-limine.  Defendants also filed motions-in-limine that are strongly opposed by Plaintiff.

## III.   BIFURCATION OF ISSUES

Defendants moved for bifurcation of the Constitutional Violations from the Monell and punitive damages claims. Plaintiff opposes.

## IV.   JURY TRIAL

Jury trial was timely requested in this case. It is a matter of right in this action.

## V.   ATTORNEYS FEES & PENALTIES

Plaintiff is claiming that her attorney fees and costs are recoverable pursuant to 42 U.S.C. 1988, California Civil Code Sections 52.1(h) and 52(b)(3).

Civil penalties of $25,000 against defendant Polo for each violation also provided for under California Civil Code Sections 52.1(b) and 52(b)(2), as well as exemplary damages (Civil Code Section 52(b)(1)).

## VI.   ABANDONMENT OF ISSUES

None at the present time.

\\\

\\\

\\\

-7-

## VII.   SETTLEMENT DISCUSSIONS

The parties appeared for mediation with Retired Judge Younger on August 5, 2008, but unfortunately, no settlement was achieved so far. The parties will continue their attempts to settle this case, but the differences between the parties appear to be too difficult to compromise.


DATED:  August 28, 2008                    LAW OFFICES OF ETAN Z. LORANT


By: _____
          ETAN Z. LORANT, ESQ.
          Attorneys for Plaintiff,
          J.W., A Minor, through her Guardian
          Ad Litem, MARK WILSON

-8-

**PLAINTIFF'S MEMORANDUM          CASE NO.: CV 07-06191 GPS(SHx)**
**OF CONTENTIONS OF FACTS AND LAW**
**PURSUANT TO LOCAL RULE 9.5**

**PROOF OF SERVICE**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

**J.W.,  a minor through her Guardian Ad Litem Mark Wilson vs. City of**

**Oxnard, Martin Polo, and DOES 1 through 10, Inclusive.**

**U.S.D.C. CASE NUMBER:  CV 07-06191 GPS (SHx)**

I, Nikola A. Fields, am employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is 5850 Canoga Avenue, Suite 400, Woodland Hills, CA 91367.  On August 28, 2008, I served the foregoing document described as **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW PURSUANT TO LOCAL RULE 9.5** on all of the following interested parties to this action:

Jeffrey  Held, Esq.
LAW OFFICES OF
ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California 93036

Steven J. Rothans, Esq.
Jill W. Babington, Esq.
CARPENTER, ROTHANS
 & DUMONT
888 S. Figueroa Street, Ste. 1960
Los Angeles, California 90017

[X]  **BY MAIL:**  by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California addressed as indicated above.  I am readily familiar with our office's practice of collection and processing of correspondence for mailing;  it is our practice to deposit correspondence with the United States Postal Service on that same day.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for affidavit.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.  Executed on August 28, 2008, at Los Angeles, California.

_____
NIKOLA A. FIELDS