Etan Z. Lorant, Esq., SBN: 108820
LAW OFFICES OF ETAN Z. LORANT
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
(818) 990-3990

Attorneys for Plaintiff,
J.W., A Minor, through her Guardian Ad Litem, MARK WILSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W. A Minor, through her Guardian Ad Litem, MARK WILSON<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OXNARD, MARTIN POLO, and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE: CV 07-06191 GPS(SHx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MARTIN POLO'S MOTION IN LIMINE NO. 2**<br><br>Date: September 22, 2008<br>Time: 11:00 a.m.<br>Courtroom: "7"<br><br>**The Honorable Judge George P. Schiavelli** |

\\\
\\\
\\\
\\\
\\\

-1-

PLAINTIFF'S OPPOSITION TO DEFENDANT                 CASE# CV 07-06191 GPS(SHx)
MARTIN POLO'S MOTION IN LIMINE NO. 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff J.W. was a 12-year-old minor at the time of the underlying incident herein. She was *sexually assaulted and raped* by Defendant Officer POLO in the "Beat 21" Substation/ Storefront of the Oxnard Police Department on August 15, 2006 in the afternoon hours.

The child had called Officer Polo for assistance, and Officer POLO improperly picked her near her mother's house, and drove her to the isolated and unmanned Beat 21 Substation/Storefront at the early afternoon hours of August 15, 2006. At first, Defendant Officer POLO, offered the child money to engage in sex with him, and when the minor refused, he proceeded to sexually force himself on her in the backroom of said Substation.

Plaintiff J.W. also alleges that Defendant City of Oxnard failed to properly supervise, train and discipline Officer POLO prior to the incident, and that some Officers of Defendant City of Oxnard who had access to the Beat 21 Substation were in the habit, custom and practice of using the isolated Substation, and in particular the private backroom, for sexual activities.

Although Defendants deny J.W.'s allegations, there are numerous indications and evidence that support her allegations.

-2-

## II.

## DEFENDANT POLO HAD A SEXUAL LIAISON WITH ANNE JONES THAT HAS A SIGINIFICAMT PROBATIVE VALUE ON THIS CASE

Defendant MARTIN POLO is attempting to exclude Defendant Officer POLO's sexual intercourse with Anne Jones, a female who stepped forward to reveal that <u>Defendant Officer POLO also had sexual intercourse with her at the very same exact location identified by Plaintiff where she was raped by POLO</u>: the backroom of the Beat 21 Police Substation/Storefront, on the left portion of the room just like Plaintiff's claim, Ms. Jones also described POLO having sexual intercourse with her from behind her while she was bent over at the Substation/Storefront, and having sex with her there while he was on duty. Further, Ms. Jones described the events and requests made by POLO in a very similar fashion as Plaintiff did.

The transcript of Ms. Jones's interview is very lengthy, and therefore is not attached herewith, but will be made available to the Court at the hearing.

The similarities to the description of the details of the rape of Plaintiff by POLO are striking and have a substantial probative value on POLO's habit, custom, and other bad acts. These details were testified to by Anne Jones during her deposition, and described to Detective Giles during her interview. Detective Giles also testified to these similarities in details during her deposition. A copy of

-3-

the depositions transcripts (yet to be compiled by the Court Reporter) and the interview would be made available during the hearing of this motion, upon request of Court or opposing parties.

Testimony and evidence regarding Anne Jones and POLO's sexual relations at the backroom of the police Substation/Storefront clearly bolsters Plaintiff's claim that she was raped at that location since it shows that POLO used that particular site for sexual activities, and has had the opportunity and knowledge of the ability to use that site. It is also evidence of habit and custom by POLO to engage in sexual intercourse at the backroom of the said Substation/Storefront. Moreover, POLO knew that both Plaintiff and Anne Jones had a history of mental hospitalization, and as such, his activities with Anne Jones in the Beat 21 Substation/Storefront are relevant to this case.

Pursuant Federal Rules of Evidence 404(b) evidence of 'other acts' is admissible if offered to show **motive, intent, plan, opportunity, preparation, knowledge, or identity**. Plaintiff must be allowed to call Anne Jones as a witness to show Defendant POLO had the opportunity, knowledge, plan and intent to use the backroom of the Beat 21 Substation/Storefront for sexual purposes.

It is important to note that Plaintiff also has causes of action for negligent supervision and for *Monell*. Evidence of sexual activity by POLO in the backroom

-4-

PLAINTIFF'S OPPOSITION TO DEFENDANT          CASE# CV 07-06191 GPS(SHx)
MARTIN POLO'S MOTION IN LIMINE NO. 2

of the Beat 21 Substation/Storefront go to prove theses cause of action at the very least.

POLO's sexual relationship with Anne Jones at the identified site has direct <u>substantial probative</u> on this case since it confirms Plaintiff's claim that POLO raped her at that exact site where he had other sexual contacts with other females.

Furthermore, the Anne Jones evidence may be offered for evidence of **habit or custom** under <u>Federal Rules of Evidence</u> 406. Plaintiff should be permitted to show that POLO was in the habit and custom of having sexual activities at the backroom of the Beat 21 Substation/Storefront where he raped her on August 15, 2006.

Furthermore, "Federal Rules of Evidence Rule 403 allows the trial judge to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). **But, exclusion under this rule is "an extraordinary remedy to be used sparingly."** *Id.*

Naturally, all relevant evidence is prejudicial. But, in this case, the probative value of <u>the Anne Jones evidence clearly and substantially outweighs any danger of UNFAIR prejudice</u> as it boosts Plaintiff's claim of where the rape had occurred. Simply put, Plaintiff was not in a position to know Officer POLO engaged in sex in the backroom of the Beat 21 Substation/Storefront unless she was raped there by

-5-

POLO. The Anne Jones evidence show that POLO did engage in sex at that particular spot, and in the exact way and position.

An Order of exclusion as requested by Defendant must not be granted, and the Anne Jones evidence must be permitted if justice and impartiality is to be preserved.

## III.

## CONCLUSION

Based upon the foregoing defense motion in limine should be denied for purpose of cross-examination of Defendant Polo.

DATED: September 5, 2008        LAW OFFICES OF ETAN Z. LORANT

By: _____
ETAN Z. LORANT, ESQ.
Attorneys for Plaintiff,
J.W. , A Minor, through her Guardian
Ad Litem, MARK WILSON

-6-

PLAINTIFF'S OPPOSITION TO DEFENDANT         CASE# CV 07-06191 GPS(SHx)
MARTIN POLO'S MOTION IN LIMINE NO. 2