Etan Z. Lorant, Esq., SBN: 108820
LAW OFFICES OF ETAN Z. LORANT
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
(818) 990-3990

Attorneys for Plaintiff,
J.W., A Minor, through her Guardian Ad Litem, MARK WILSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W. A Minor, through her Guardian Ad Litem, MARK WILSON, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF OXNARD, MARTIN POLO, and DOES 1 through 10, Inclusive, <br><br> Defendants. | CASE: CV 07-06191 GPS(SHx) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT MARTIN POLO'S MOTION IN LIMINE NO. 3** <br><br> Date: September 22, 2008 <br> Time: 11:00 a.m. <br> Courtroom: "7" <br><br> **The Honorable Judge George P. Schiavelli** |

\\\

\\\

\\\

\\\

\\\

-1-

PLAINTIFF'S OPPOSITION TO DEFENDANT           CASE# CV 07-06191 GPS(SHx)
MARTIN POLO'S MOTION IN LIMINE NO. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff J.W. was a 12-year-old minor at the time of the underlying incident herein. She was *sexually assaulted and raped* by Defendant Officer POLO in the "Beat 21" Substation/ Storefront of the Oxnard Police Department on August 15, 2006 in the afternoon hours.

The child had called Officer Polo for assistance, and Officer POLO improperly picked her near her mother's house, and drove her to the isolated and unmanned Beat 21 Substation/Storefront at the early afternoon hours of August 15, 2006. At first, Defendant Officer POLO, offered the child money to engage in sex with him, and when the minor refused, he proceeded to sexually force himself on her in the backroom of said Substation.

Plaintiff J.W. also alleges that Defendant City of Oxnard failed to properly supervise, train and discipline Officer POLO prior to the incident, and that some Officers of Defendant City of Oxnard who had access to the Beat 21 Substation were in the habit, custom and practice of using the isolated Substation, and in particular the private backroom, for sexual activities.

Although Defendants deny J.W.'s allegations, there are numerous indications and evidence that support her allegations.

-2-

## II.

## EVIDENCE OF OTHER OFFICERS' SEXUAL ACTIVITY IN THE SUBSTATION WHERE J.W. WAS RAPED BY OFFICER POLO HAS A SIGINIFICANT PROBATIVE VALUE ON THIS CASE

Defendant MARTIN POLO is attempting to exclude evidence of other police officers' sexual activities in the backroom of the Beat 21 Substation/Storefront where JW was raped. However, such exclusion would be improper

Testimony and evidence regarding the finding of semen at the backroom of the police Beat 21 Substation/Storefront clearly bolsters Plaintiff's claim that she was raped at that location since it shows that POLO knew he could safely use that particular site for sexual activities, and has had the opportunity and knowledge of the ability to use that site. It is also evidence of habit and custom by within the Officers who worked at Beat 21 Substation/Storefront to engage in sexual intercourse at the backroom of the said Substation/Storefront.

Pursuant <u>Federal Rules of Evidence</u> 404(b) evidence of 'other acts' is admissible if offered to show **motive, intent, plan, opportunity, preparation, knowledge, or identity**. Plaintiff must be allowed to present evidence that semen (not that of POLO) was found at the backroom of the Beat 21 Substation/Storefront to show Defendant POLO knew he could use that site for sexual encounters and

-3-

PLAINTIFF'S OPPOSITION TO DEFENDANT          CASE# CV 07-06191 GPS(SHx)
MARTIN POLO'S MOTION IN LIMINE NO. 3

had the opportunity to do so. Evidence of the semen go to show POLO's knowledge, plan, opportunity and intent to use that backroom for sexual purposes since it was used by other officers too for sexual purposes.

Defendant POLO would like this honorable Court to rely on the case of Thorne v. City of El Segundo 726 F.2d 459 (9th Cir. 1983), cert. denied 469 U.S. 979 (1984), to exclude evidence of other Oxnard Police Department officers engaged in sexual activities at the police department. However, the Thorne case is easily distinguishable from the case at bar in that this is a civil rights case with *Monell* and negligent supervision causes of action regarding sex on duty in a police station. But the Thorne case was simply a case where the Police Department conducted a broad and unregulated inquiry into an applicant "off-duty" sexual activities when reviewing her employment application. The Thorne case has nothing do to with civil rights, nor sexual assault allegations.

Evidence of sexual activity in the backroom of the Beat 21 Substation/Storefront goes to prove negligent supervision and *Monell* causes of action at the very least.

Evidence of semen at the very same site (the backroom of the Beat 21 Substation) directly has substantial probative on this case since it confirms Plaintiff's claim POLO raped her at that exact site where he and others had access to, knowledge of, and opportunity, to engage in sexual contacts with females.

-4-

Furthermore, the semen evidence may be offered for evidence of **habit or custom** under Federal Rules of Evidence 406. Plaintiff should be permitted to show that Defendant City of Oxnard's officers who frequented the unmanned Beat 21 Substation were in the habit and custom of using it for sexual activities. Again, that too is offered to prove Plaintiff's causes of action for negligent supervision and *Monell* issues.

Furthermore, "Federal Rules of Evidence Rule 403 allows the trial judge to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). **But, exclusion under this rule is "an extraordinary remedy to be used sparingly.**" *Id.*

Naturally, all relevant evidence is prejudicial. But, in this case, the probative value of the finding of semen in the backroom where Plaintiff was raped clearly and substantially outweighs any danger of UNFAIR prejudice as it boosts Plaintiff's story. Simply put, Plaintiff was not in a position to know that some of Defendant City of Oxnard's police officer engaged in sex in the backroom of the Beat 21 Substation/Storefront, and that it was used for sex unless she was truly raped there by POLO.

\\\

\\\

-5-

PLAINTIFF'S OPPOSITION TO DEFENDANT          CASE# CV 07-06191 GPS(SHx)
MARTIN POLO'S MOTION IN LIMINE NO. 3

An Order of exclusion as requested by Defendant must not be granted, and the evidence of semen must be permitted if justice and impartiality is to be preserved.

### III.

### CONCLUSION

Based upon the foregoing defense motion in limine should be denied in its entirety.

DATED: September 5, 2008          LAW OFFICES OF ETAN Z. LORANT

By: _____
ETAN Z. LORANT, ESQ.
Attorneys for Plaintiff,
J.W., A Minor, through her Guardian
Ad Litem, MARK WILSON