Etan Z. Lorant, Esq., SBN: 108820
LAW OFFICES OF ETAN Z. LORANT
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
(818) 990-3990

Attorneys for Plaintiff,
J.W., A Minor, through her Guardian Ad Litem, MARK WILSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W. A Minor, through her Guardian Ad Litem, MARK WILSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OXNARD, MARTIN POLO, and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE: CV 07-06191 GPS(SHx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MARTIN POLO'S MOTION IN LIMINE NO. 8**<br><br>Date: September 22, 2008<br>Time: 11:00 a.m.<br>Courtroom: "7"<br><br>**The Honorable Judge George P. Schiavelli** |

\\\
\\\
\\\
\\\
\\\

-1-

---

PLAINTIFF'S OPPOSITION TO DEFENDANT     CASE# CV 07-06191 GPS(SHx)
MARTIN POLO'S MOTION IN LIMINE NO. 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

Plaintiff J.W. was a 12-year-old minor at the time of the underlying incident herein. She was *sexually assaulted and raped* by Defendant Officer POLO in the "Beat 21" Substation/ Storefront of the Oxnard Police Department on August 15, 2006 in the afternoon hours.

The child had called Officer Polo for assistance, and Officer POLO improperly picked her near her mother's house, and drove her to the isolated and unmanned Beat 21 Substation/Storefront at the early afternoon hours of August 15, 2006. At first, Defendant Officer POLO, offered the child money to engage in sex with him, and when the minor refused, he proceeded to sexually force himself on her in the backroom of said Substation.

Plaintiff J.W. also alleges that Defendant City of Oxnard failed to properly supervise, train and discipline Officer POLO prior to the incident, and that some Officers of Defendant City of Oxnard who had access to the Beat 21 Substation were in the habit, custom and practice of using the isolated Substation, and in particular the private backroom, for sexual activities.

Although Defendants deny J.W.'s allegations, there are numerous indications and evidence that support her allegation.

\\\

-2-

PLAINTIFF'S OPPOSITION TO DEFENDANT    CASE# CV 07-06191 GPS(SHx)
MARTIN POLO'S MOTION IN LIMINE NO. 8

## II.

## PLAINTIFF SHOULD BE PERMITTED TO SOLICIT EVIDENCE REGARDING POLO'S DISCIPLINARY ACTIONS AND ANY RELEVANT COMPLAINTS AGAINST HIM

POLO was investigated for a complaint made by a juvenile female Explorer, aged 16. She claimed that POLO inappropriately asked her to come to his house to cook him dinner and to take her photographs. There was also an allegations that POLO said about her: "look at the cans on this one!". Plaintiff should be permitted to present evidence of that incident with POLO making inappropriate advances toward a female juvenile to bolster the claim of the juvenile JW that he had made advances toward her as well, which resulted in her rape by him. This evidence is admissible pursuant to Federal Rules of Evidence 406 regarding habit and custom, and Federal Rules of Evidence 404(b) regarding other bad acts evidencing motive, intent, plan, opportunity, preparation, and/or knowledge by POLO. The lead investigator from the sexual assault unit of the Oxnard Police Department, Detective Giles, found that fact very important when she investigated POLO and when she recited these facts in her probable cause declaration in support of her request for a search warrant for POLO's house, vehicle, locker, and desk at Beat 21 Substation/Storefront.

\\\

-3-

Additionally, during the execution of a search warrant, a bag of marijuana was found in POLO's personal police department locker. This evidence can go to show his habit and custom of being disrespectful and disregardful toward the law. Federal Rules of Evidence 406.

Defendant POLO is attempting to obtain a blank order of exclusion on any complaints and disciplinary actions against him. In other words, evidence of other 'bad acts' and habits. However, Plaintiffs are clearly allowed to solicit such evidence and offer arguments regarding other 'bad acts' pursuant Federal Rules of Evidence 404(b) where the 'other bad acts' are offered to show motive, intent, plan, opportunity, preparation, knowledge, or identity, and pursuant Federal Rules of Evidence 406. As such, a blank order that Plaintiff cannot bring up any prior complaints and discipline against POLO is improper.

Plaintiff already stipulated that she will not solicit evidence regarding POLO's beach vehicle death. However, any evidence from POLO's administrative discipline or complaints against him can be admissible, if relevant, and if it is offered for other reason except for character evidence. For example, some evidence may be offered for evidence of habit or custom under Federal Rules of Evidence 406 or as 'other bad acts' under Federal Rules of Evidence 404(b).

\\\

\\\

-4-

PLAINTIFF'S OPPOSITION TO DEFENDANT       CASE# CV 07-06191 GPS(SHx)
MARTIN POLO'S MOTION IN LIMINE NO. 8

Furthermore, "Federal Rules of Evidence Rule 403 allows the trial judge to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). **But, exclusion under this rule is "an extraordinary remedy to be used sparingly."** *Id.*

A blank Order of exclusion as requested by Defendant must not be granted.

## III.

## CONCLUSION

Based upon the foregoing defense motion in limine should be denied for purpose of cross-examination of Defendant Polo.

DATED: September 5, 2008          LAW OFFICES OF ETAN Z. LORANT

By: _____
ETAN Z. LORANT, ESQ.
Attorneys for Plaintiff,
J.W., A Minor, through her Guardian
Ad Litem, MARK WILSON