1  Etan Z. Lorant, Esq., SBN: 108820
   LAW OFFICES OF ETAN Z. LORANT
2  5850 Canoga Avenue, Suite 400
   Woodland Hills, CA 91367
3  (818) 990-3990

4

5  Attorneys for Plaintiff,
   J.W., A Minor, through her Guardian Ad Litem, MARK WILSON
6

7

8
                  UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10

11 J.W. A Minor, through her Guardian    )   CASE: CV 07-06191
   Ad Litem, MARK WILSON                 )              GPS(SHx)
12                                       )
             Plaintiffs,                 )   PLAINTIFF'S OPPOSITION
13                                       )   TO DEFENDANT CITY OF
                                         )   OXNARD MOTION IN
14                                       )   LIMINE NO. 1
                                         )
15                                       )
   vs.                                   )
16                                       )
   CITY OF OXNARD, MARTIN POLO,          )   Date: September 22, 2008
17 and DOES 1 through 10, Inclusive,     )   Time: 11:00 a.m.
                                         )   Courtroom: "7"
18                                       )
                                         )
19          Defendants.                  )   The Honorable Judge
                                         )   George P. Schiavelli
20                                       )
                                         )
21                                       )
                                         )
22 ────────────────────────────────────
23 \\\

24 \\\

25 \\\

26
27 \\\

28 \\\
                              -1-

PLAINTIFF'S OPPOSITION TO DEFENDANT         CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff J.W. was a 12-year-old minor at the time of the underlying incident herein. She was *sexually assaulted and raped* by Defendant Officer POLO in the "Beat 21" Substation/ Storefront of the Oxnard Police Department on August 15, 2006 in the afternoon hours.

The child had called Officer Polo for assistance, and Officer POLO improperly picked her near her mother's house, and drove her to the isolated and unmanned Beat 21 Substation/Storefront at the early afternoon hours of August 15, 2006. At first, Defendant Officer POLO, offered the child money to engage in sex with him, and when the minor refused, he proceeded to sexually force himself on her in the backroom of said Substation.

Plaintiff J.W. also alleges that Defendant City of Oxnard failed to properly supervise, train and discipline Officer POLO prior to the incident, and that some Officers of Defendant City of Oxnard who had access to the Beat 21 Substation were in the habit, custom and practice of using the isolated Substation, and in particular the private backroom, for sexual activities.

Although Defendants deny J.W.'s allegations, there are numerous indications and evidence that support her allegations.

-2-

## II.

## PLAINTIFF HAS THE RIGHT TO INQUIRE AS TO DEFENDANT POLO'S RECEIPT OF A 'BRADY LETTER'

A 'Brady Letter' is derived from the United States Supreme Court landmark case of <u>Brady vs. Maryland</u> 373 U.S. 83 (1963) that mandated that the District Attorney must notify defendants and their attorneys whenever a police officer involved in their case has a sustained record of *knowingly lying* in an official capacity. <u>It is evidence of actual willful conscious lying by the Officer in his official capacity</u>.

The CITY OF OXNARD would like to have this Court preclude the jury from hearing any evidence regarding his Brady Letter as an irrelevant 'collateral matter' remote in time. But, under the United States Supreme Court ruling in <u>Brady,</u> there is no expiration date to such Brady Letter, and the jury should be the trier of fact regarding the weight of the Brady Letter on POLO's credibility and regarding its relevance. It is Plaintiff's position that a Brady Letter is NOT a collateral matter, and can be used to impeach POLO and affect his credibility.

\\\

\\\

\\\

\\\

-3-

PLAINTIFF'S OPPOSITION TO DEFENDANT　　　CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 1

Federal Rules of Evidence Rule 608 provides that:

"(a) Opinion and reputation evidence of character.

**The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness**, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

(b) Specific instances of conduct.

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. **They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness**

-4-

**(1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."** (Emphasis added.)

Furthermore, "Federal Rules of Evidence Rule 403 allows the trial judge to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). **But, exclusion under this rule is "an extraordinary remedy to be used sparingly."** *Id.*

Defendant Officer Polo's 'Brady Letter' clearly deals with his veracity and honesty and as such is relevant, highly probative and admissible.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

-5-

## III.

## CONCLUSION

Based upon the foregoing defense motion in limine should be denied for purpose of cross-examination of Defendant Polo.

DATED: September 5, 2008

LAW OFFICES OF ETAN Z. LORANT

By: _____
ETAN Z. LORANT, ESQ.
Attorneys for Plaintiff,
J.W., A Minor, through her Guardian Ad Litem, MARK WILSON