1  Etan Z. Lorant, Esq., SBN: 108820
   LAW OFFICES OF ETAN Z. LORANT
2  5850 Canoga Avenue, Suite 400
   Woodland Hills, CA 91367
3  (818) 990-3990

4

5  Attorneys for Plaintiff,
   J.W., A Minor, through her Guardian Ad Litem, MARK WILSON
6

7

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11 | J.W. A Minor, through her Guardian      )  CASE: CV 07-06191
   | Ad Litem, MARK WILSON                   )         GPS(SHx)
12 |                                         )
   |         Plaintiffs,                     )  PLAINTIFF'S OPPOSITION
13 |                                         )  TO DEFENDANT CITY OF
   |                                         )  OXNARD MOTION IN
14 |                                         )  LIMINE NO. 3
   |                                         )
15 |                                         )
   | vs.                                     )
16 |                                         )
   | CITY OF OXNARD, MARTIN POLO,            )  Date: September 22, 2008
17 | and DOES 1 through 10,Inclusive,        )  Time: 11:00 a.m.
   |                                         )  Courtroom: "7"
18 |                                         )
19 |         Defendants.                     )  The Honorable Judge
   |                                         )  George P. Schiavelli
20 |                                         )
21 |                                         )
   |                                         )
22 |_____)

23  \\\

24  \\\

25  \\\
26
27  \\\

28  \\\

-1-

---

PLAINTIFF'S OPPOSITION TO DEFENDANT       CASE#  CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff J.W. was a 12-year-old minor at the time of the underlying incident herein. She was *sexually assaulted and raped* by Defendant Officer POLO in the "Beat 21" Substation/ Storefront of the Oxnard Police Department on August 15, 2006 in the afternoon hours.

The child had called Officer Polo for assistance, and Officer POLO improperly picked her near her mother's house, and drove her to the isolated and unmanned Beat 21 Substation/Storefront at the early afternoon hours of August 15, 2006. At first, Defendant Officer POLO, offered the child money to engage in sex with him, and when the minor refused, he proceeded to sexually force himself on her in the backroom of said Substation.

Plaintiff J.W. also alleges that Defendant City of Oxnard failed to properly supervise, train and discipline Officer POLO prior to the incident, and that some Officers of Defendant City of Oxnard who had access to the Beat 21 Substation were in the habit, custom and practice of using the isolated Substation, and in particular the private backroom, for sexual activities.

Although Defendants deny J.W.'s allegations, there are numerous indications and evidence that support her claim.

-2-

## II.

## PLAINTIFF HAS THE RIGHT TO SOLICIT EVIDENCE REGARDING DEFENDANT POLO'S OTHER 'BAD ACTS'

Defendant CITY OF OXNARD is attempting to exclude Defendant Officer Polo's 'bad acts' evidence. However, Plaintiffs are clearly allowed to solicit such evidence and offer arguments regarding other 'bad acts' pursuant <u>Federal Rules of Evidence</u> 404(b) where the 'other bad acts' are offered to show motive, intent, plan, opportunity, preparation, knowledge, or identity. As such, a blank order that Plaintiff cannot bring up 'other bad acts' is improper.

Plaintiff already stipulated that she will not solicit evidence regarding Polo's beach vehicle death. However, any evidence from Polo's dissolution of marriage proceedings, personal relationships, and/or administrative discipline can be admissible if relevant, and if it is offered for other reason except for character evidence. For example, some evidence may be offered for evidence of habit or custom under <u>Federal Rules of Evidence</u> 406 or as 'other bad acts' under <u>Federal Rules of Evidence</u> 404(b).

Defendant City of Oxnard wishes to have a blank order of exclusion. That is simply improper, unfair and highly prejudicial to Plaintiff. Defendant must move for a more specific order regarding a specific piece of information. But the current motion is vague at best.

-3-

PLAINTIFF'S OPPOSITION TO DEFENDANT        CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 3

Additionally, Defendant requests exclusion of Polo's personal relationship (see defense motion, page 6, lines 17-18). However, Plaintiff listed a witness by the name of Anne Jones who would testify that she too had sexual intercourse with POLO at the Substation/Storefront where Plaintiff claimed she was raped, at the very same spot (left part of the backroom). This information has significant probative value as to POLO's habit and custom, as well as opportunity and motive. As such, this sort of evidence should clearly not be excluded.

POLO was also investigated for a complaint made by a juvenile female Explorer, 16 years old. She claimed that POLO asked her to come to his house to cook him dinner and to take her photographs. There was also an allegations that POLO said on the same female juvenile: "look at the cans on this one!" Plaintiff should be permitted to present evidence of that incident with POLO making inappropriate advances toward a female juvenile to bolster Plaintiff's claim that he had made advances toward her as well. This evidence is admissible pursuant to Federal Rules of Evidence 406 regarding habit and custom, and Federal Rules of Evidence 404(b) regarding other bad acts evidencing motive, intent, plan, opportunity, preparation, and/or knowledge by POLO.

\\\

\\\

\\\

-4-

PLAINTIFF'S OPPOSITION TO DEFENDANT       CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 3

Additionally, during the execution of a search warrant, a bag of marijuana was found in POLO's locker. This evidence can go to show his habit and custom of being disrespectful to the law. <u>Federal Rules of Evidence</u> 406.

Furthermore, "Federal Rules of Evidence Rule 403 allows the trial judge to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). **But, exclusion under this rule is "an extraordinary remedy to be used sparingly."** *Id.*

A blank Order of exclusion as requested by Defendant must not be granted.

## III.

## CONCLUSION

Based upon the foregoing defense motion in limine should be denied for purpose of cross-examination of Defendant Polo.

DATED: September 5, 2008        LAW OFFICES OF ETAN Z. LORANT

By: _____
ETAN Z. LORANT, ESQ.
Attorneys for Plaintiff,
J.W., A Minor, through her Guardian
Ad Litem, MARK WILSON

-5-

PLAINTIFF'S OPPOSITION TO DEFENDANT        CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 3