Etan Z. Lorant, Esq., SBN: 108820
LAW OFFICES OF ETAN Z. LORANT
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
(818) 990-3990

Attorneys for Plaintiff,
J.W., A Minor, through her Guardian Ad Litem, MARK WILSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W. A Minor, through her Guardian Ad Litem, MARK WILSON<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OXNARD, MARTIN POLO, and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE: CV 07-06191 GPS(SHx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF OXNARD MOTION IN LIMINE NO. 4**<br><br>Date: September 22, 2008<br>Time: 11:00 a.m.<br>Courtroom: "7"<br><br>**The Honorable Judge George P. Schiavelli** |

\\\

\\\

\\\

\\\

\\\

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

Plaintiff J.W. was a 12-year-old minor at the time of the underlying incident herein. She was *sexually assaulted and raped* by Defendant Officer POLO in the "Beat 21" Substation/ Storefront of the Oxnard Police Department on August 15, 2006 in the afternoon hours.

The child had called Officer Polo for assistance, and Officer POLO improperly picked her near her mother's house, and drove her to the isolated and unmanned Beat 21 Substation/Storefront at the early afternoon hours of August 15, 2006. At first, Defendant Officer POLO, offered the child money to engage in sex with him, and when the minor refused, he proceeded to sexually force himself on her in the backroom of said Substation.

Plaintiff J.W. also alleges that Defendant City of Oxnard failed to properly supervise, train and discipline Officer POLO prior to the incident, and that some Officers of Defendant City of Oxnard who had access to the Beat 21 Substation were in the habit, custom and practice of using the isolated Substation, and in particular the private backroom, for sexual activities.

Although Defendants deny J.W.'s allegations, there are numerous indications and evidence that support her allegations.

\\\

-2-

PLAINTIFF'S OPPOSITION TO DEFENDANT          CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 4

## II.

The CITY OF OXNARD is requesting this Court to improperly exclude much of the testimony Plaintiff wishes to offer. The CITY OF OXNARD has requested that the Court excludes 5 specific items regarding children, and specifically regarding Plaintiff:

(1) that children typically do not report sexual abuse;

(2) that children typically deny the occurrence of sexual abuse even when they were victims of it;

(3) that children exaggerate certain things while still being truthful in others;

(4) that children delay reporting sexual exploitations; and

(5) that children are affected by sexual abuse;

Further, CITY OF OXNARD wants to exclude:

(6) testimony whether a police officer violates norms of conduct and proper standards of behavior by tipping off another police officer who is accused of a crime. CITY OF OXNARD is trying to exclude this evidence by stating that such evidence is in the realm of expert testimony. Plaintiff J.W. contends that the above categories are NOT within the realm of expert testimony as stated by Federal Rules of Evidence 702, which provides that expert testimony can only be used: "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue …"

Plaintiff submits that the above six categories fall under Rule 701 which allows opinions by laypersons: "if the witness is not testifying as an expert, the witness' testimony in the form of opinions or inference is limited to those opinions or inferences which are (a) rationally based upon the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of fact in issue, ..."

Therefore, laypersons, such as, for example, investigators in the Sexual Assault Unit of the Oxnard Police Department, teachers, parents, or treating health care providers, can testify to the above items since these items do not require expert opinion, and are common sense.

### III.

### PLAINTIFF HAS THE RIGHT TO NAME REBUTTAL WITNESSES

Federal Rules of Civil Procedure Rule 26(a)(2)(C)(ii) allows the designation of rebuttal expert witnesses within 30 days of the other party's identification of expert witnesses.

City of Oxnard served its designation of experts on July 16, 2008. Plaintiff served her designation of rebuttal expert witnesses on August 15, 2008. Thus, Plaintiff's designation is timely, and rebuttal expert testimony should be allowed, as designated by Plaintiff.

\\\

-4-

PLAINTIFF'S OPPOSITION TO DEFENDANT       CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 4

## IV.

## CONCLUSION

Based upon the foregoing defense motion in limine should be denied with respect to rebuttal testimony and laypersons' opinions.

DATED: September 5, 2008           LAW OFFICES OF ETAN Z. LORANT

By: _____
ETAN Z. LORANT, ESQ.
Attorneys for Plaintiff,
J.W., A Minor, through her Guardian
Ad Litem, MARK WILSON