1  Etan Z. Lorant, Esq., SBN: 108820
   LAW OFFICES OF ETAN Z. LORANT
2  5850 Canoga Avenue, Suite 400
   Woodland Hills, CA 91367
3  (818) 990-3990

4

5  Attorneys for Plaintiff,
   J.W., A Minor, through her Guardian Ad Litem, MARK WILSON
6

7

8
            UNITED STATES DISTRICT COURT
9
            CENTRAL DISTRICT OF CALIFORNIA
10

11 J.W. A Minor, through her Guardian      )   CASE: CV 07-06191
   Ad Litem, MARK WILSON                   )        GPS(SHx)
12                                         )
            Plaintiffs,                    )   PLAINTIFF'S OPPOSITION
13                                         )   TO DEFENDANT CITY OF
                                           )   OXNARD MOTION IN
14                                         )   LIMINE NO. 9
                                           )
15                                         )
   vs.                                     )
16                                         )
   CITY OF OXNARD, MARTIN POLO,            )   Date: September 22, 2008
17 and DOES 1 through 10, Inclusive,       )   Time: 11:00 a.m.
                                           )   Courtroom: "7"
18                                         )
                                           )
19          Defendants.                    )   The Honorable Judge
                                           )   George P. Schiavelli
20                                         )
                                           )
21                                         )
                                           )
22 ─────────────────────────────────────────

23 \\\

24 \\\

25 \\\

26
27 \\\

28 \\\
                              -1-

PLAINTIFF'S OPPOSITION TO DEFENDANT          CASE#  CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff J.W. was a 12-year-old minor at the time of the underlying incident herein. She was *sexually assaulted and raped* by Defendant Officer POLO in the "Beat 21" Substation/ Storefront of the Oxnard Police Department on August 15, 2006 in the afternoon hours.

The child had called Officer Polo for assistance, and Officer POLO improperly picked her near her mother's house, and drove her to the isolated and unmanned Beat 21 Substation/Storefront at the early afternoon hours of August 15, 2006. At first, Defendant Officer POLO, offered the child money to engage in sex with him, and when the minor refused, he proceeded to sexually force himself on her in the backroom of said Substation.

Plaintiff J.W. also alleges that Defendant City of Oxnard failed to properly supervise, train and discipline Officer POLO prior to the incident, and that some Officers of Defendant City of Oxnard who had access to the Beat 21 Substation were in the habit, custom and practice of using the isolated Substation, and in particular the private backroom, for sexual activities.

Although Defendants deny J.W.'s allegations, there are numerous indications and evidence that support her claim.

-2-

## II.

## DEFENDANT POLO HAD A SEXUAL LIAISON THAT DIRECTLY HAS A SIGINIFICAMT PROBATIVE VALUE ON THIS CASE

Defendant CITY OF OXNARD is attempting to exclude Defendant Officer POLO's 'sexual liaison with third parties. However, a female by the name of Anne Jones stepped forward to reveal that <u>Defendant Officer POLO had sexual intercourse with her too at the same exact location identified by Plaintiff where she was raped by POLO</u>: the backroom of the Beat 21 Police Substation/Storefront, on the left portion of the room. Like the claim of Plaintiff, Ms. Jones also described POLO having sexual intercourse with her from behind her while she is bent over at the Substation/Storefront, and having sex with her there while on duty. The similarities to the description of the details of the rape of Plaintiff by POLO are striking and have a substantial probative value on POLO's habit, custom, and other bad acts. These details were testified to by Anne Jones during her deposition, and described to Detective Giles during her interview. Detective Giles also testified to these similarities in details during her deposition. A copy of the depositions transcripts (yet to be compiled by the Court Reporter) and the interview would be made available during the hearing of this motion, upon request of Court or opposing parties.

\\\

Testimony and evidence regarding Anne Jones and POLO's sexual relations at the backroom of the police Substation/Storefront clearly bolsters Plaintiff's claim that she was raped at that location since it shows that POLO used that particular site for sexual activities, and has had the opportunity and knowledge of the ability to use that site. It is also evidence of habit and custom by POLO to engage in sexual intercourse at the backroom of the said Substation/Storefront.

Pursuant <u>Federal Rules of Evidence</u> 404(b) evidence of 'other acts' is admissible if offered to show motive, intent, plan, opportunity, preparation, knowledge, or identity. As such, a blank order that Plaintiff cannot mention any and all physical liaisons is improper since here, in the case at bar, Plaintiff should be allowed to call Anne Jones as a witness to show Defendant POLO had the opportunity, knowledge, plan and intent to use the backroom of the Beat 21 Substation/Storefront for sexual liaisons.

Plaintiff agrees that otherwise consensual adult sexual liaisons not involving POLO acting on-duty, or not involving the police Beat 21 Substation/Storefront, are irrelevant here. However, POLO's sexual relationship with Anne Jones at the identified site directly has substantial probative on this case since it confirms Plaintiff's claim POLO raped her at that site where he had other sexual contacts with other females.

Furthermore, the Anne Jones evidence may be offered for evidence of habit or custom under Federal Rules of Evidence 406. Plaintiff should be permitted to show that POLO was in the habit and custom of having sexual activities at the backroom of the Beat 21 Substation/Storefront where he raped her on August 15, 2006.

Defendant City of Oxnard wishes to have a blank order of exclusion. That is simply improper, unfair and highly prejudicial to Plaintiff. The Anne Jones evidence must be allowed in this case.

Furthermore, "Federal Rules of Evidence Rule 403 allows the trial judge to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). **But, exclusion under this rule is "an extraordinary remedy to be used sparingly."** *Id.*

Naturally, all relevant evidence is prejudicial. But, in this case, the probative value of the Anne Jones evidence clearly and substantially outweighs any danger of UNFAIR prejudice as it boosts Plaintiff's claim of where the rape had occurred. Simply put, Plaintiff was not in a position to know Officer POLO engaged in sex in the backroom of the Beat 21 Substation/Storefront unless she was raped there by POLO. The Anne Jones evidence show that POLO did engage in sex at that particular spot.

-5-

A blank Order of exclusion as requested by Defendant must not be granted, and the Anne Jones evidence must be permitted if justice and impartiality is to be preserved.

Plaintiff's incorporates by reference herein her opposition to POLO's motion in limine no. 2 involving the same issues.

### III.

### CONCLUSION

Based upon the foregoing defense motion in limine should be denied for purpose of cross-examination of Defendant Polo.

DATED: September 8, 2008           LAW OFFICES OF ETAN Z. LORANT

By: _____
ETAN Z. LORANT, ESQ.
Attorneys for Plaintiff,
J.W., A Minor, through her Guardian
Ad Litem, MARK WILSON

-6-

PLAINTIFF'S OPPOSITION TO DEFENDANT           CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 9