Etan Z. Lorant, Esq., SBN: 108820
LAW OFFICES OF ETAN Z. LORANT
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
(818) 990-3990

Attorneys for Plaintiff,
J.W., A Minor, through her Guardian Ad Litem, MARK WILSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W. A Minor, through her Guardian Ad Litem, MARK WILSON<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OXNARD, MARTIN POLO, and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE: CV 07-06191 GPS(SHx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF OXNARD MOTION IN LIMINE NO. 10**<br><br>Date: September 22, 2008<br>Time: 11:00 a.m.<br>Courtroom: "7"<br><br>**The Honorable Judge George P. Schiavelli** |

\\\

\\\

\\\

\\\

\\\

-1-

PLAINTIFF'S OPPOSITION TO DEFENDANT              CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff J.W. was a 12-year-old minor at the time of the underlying incident herein. She was *sexually assaulted and raped* by Defendant Officer POLO in the "Beat 21" Substation/ Storefront of the Oxnard Police Department on August 15, 2006 in the afternoon hours.

The child had called Officer Polo for assistance, and Officer POLO improperly picked her near her mother's house, and drove her to the isolated and unmanned Beat 21 Substation/Storefront at the early afternoon hours of August 15, 2006. At first, Defendant Officer POLO, offered the child money to engage in sex with him, and when the minor refused, he proceeded to sexually force himself on her in the backroom of said Substation.

Plaintiff J.W. also alleges that Defendant City of Oxnard failed to properly supervise, train and discipline Officer POLO prior to the incident, and that some Officers of Defendant City of Oxnard who had access to the Beat 21 Substation were in the habit, custom and practice of using the isolated Substation, and in particular the private backroom, for sexual activities.

Although Defendants deny J.W.'s allegations, there are numerous indications and evidence that support her claim.

-2-

## II.

## DURING THE EXECUTION OF THE SEARCH WARRANT, IT WAS DISCOVERED THAT DEFENDANT POLO HAD MARIJUANA IN HIS LOCKER

Defendant CITY OF OXNARD is attempting to exclude evidence of the existence of a search warrant for Defendant Officer POLO's possession. However, during the search two relevant and important probative items were found: (1) a bag of marijuana was found in POLO's locker, the use of it by a police officer is evidence of his disregard to the law, and affects his credibility; and (2) a torn up note with the words 'did you tell anyone about us?' 'I can get in trouble'. Detective Giles who conducted the criminal investigation against POLO testified that the handwriting on the note belonged to POLO and that the note was found in his drawer at the Beat 21 Substation, where the rape took place. Plaintiff testified that POLO told her too not to tell anyone about him since he can get in trouble.

Defense wishes to admit into evidence of Plaintiff's alleged drug use. If such evidence is to be used by one side to impeach or affect the credibility of a witness, such evidence should also be permitted to be used by the other side too in all fairness.

\\\

\\\

-3-

PLAINTIFF'S OPPOSITION TO DEFENDANT    CASE# CV 07-06191 GPS(SHx)
CITY OF OXNARD MOTION IN LIMINE NO. 10

Pursuant Federal Rules of Evidence 404(b) evidence of 'other acts' is admissible if offered to show motive, intent, plan, opportunity, preparation, knowledge, or identity. Personal possession of the marijuana by a police officer, defendant POLO, at the police station, is evidence of such 'other acts'.

Furthermore, the use of marijuana evidence may be offered for evidence of habit or custom under Federal Rules of Evidence 406. Plaintiff should be permitted to show that POLO was in the habit and custom of disrespecting the law.

Additionally, Detective Giles affidavit in support of the search warrant is relevant for purpose of impeachment of POLO and/or other witnesses since it contains a lot of information regarding POLO, such as a prior complaint against him for sexual assault on a juvenile female Explorer.

Furthermore, "Federal Rules of Evidence Rule 403 allows the trial judge to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). **But, exclusion under this rule is "an extraordinary remedy to be used sparingly."** *Id.*

Naturally, all relevant evidence is prejudicial. But, in this case, the probative value of use of marijuana by a police officer substantially outweighs any danger of *unfair* prejudice as it boosts Plaintiff's claim that POLO was/is habitually disrespectful to the law, and habitually violated the law

-4-

With respect to the note found in POLO's drawer during the execution of the search warrant, such note has a substantial probative value in that it states the same and/or similar words Plaintiff claimed POLO had told her when they were alone. It is clear evidence of POLO's habit, custom, and other prior bad acts. It goes to show POLO's intent, plan, knowledge, and identity. Furthermore, the risk of unfair prejudice, if any, is minimal at best in comparison to the probative value of the note and POLO's particular language.

### III.

### CONCLUSION

Based upon the foregoing defense motion in limine should be denied for purpose of cross-examination of Defendant Polo.

DATED: September 5, 2008            LAW OFFICES OF ETAN Z. LORANT

By: _____
ETAN Z. LORANT, ESQ.
Attorneys for Plaintiff,
J.W., A Minor, through her Guardian
Ad Litem, MARK WILSON