Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:    (805) 278-0920
Fax:    (805) 278-0289
E-mail: lawyers@wisotskylaw.com

Attorneys for Defendant CITY OF OXNARD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.W., a Minor, through her Guardian Ad Litem, Mark Wilson; MARK D. WILSON, as Guardian Ad Litem of J.W., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>CITY OF OXNARD, MARTIN POLO, and DOES 1 through 10, Inclusive, <br><br>　　　　Defendants. | No. CV 07-06191 GPS (SHx) <br><br>**DEFENDANT CITY OF OXNARD'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1** <br><br>Date : September 22, 2008 <br>Time : 11:00 a.m. <br>Ctrm : 7 <br><br>PTC : September 22, 2008 <br>Trial: October 14, 2008 |

**I.**

**INTRODUCTION**

Defendant City of Oxnard opposes this in limine motion on two grounds.  First, it is so vague in its description of what the motion seeks to exclude that defendant really has little idea what it is opposing.  For example, the only description appears in paragraph 1 under the second point heading, where it is stated that plaintiff would like the Court to exclude the fact that the plaintiff "had lied prior to and subsequent to her alleged rape on other

1

1 matters such as doing her homework or not having intercourse with
2 a boy." Without any further verbal description or allusion to
3 specific page and line references of a deposition, defendant is
4 simply at a loss to know which evidence it would be prohibited from
5 mentioning. For example, concerning the reference to "having
6 intercourse with a boy," plaintiff specifically testified that she
7 tried to deceive an adult authority figure, a person in charge of
8 the mental hospital where she was committed, concerning her dis-
9 obeying rules to enter a boy's room and have sex with him. Or is
10 plaintiff referring to the many young boys with whom she had sex
11 following the alleged sexual violation by the individual defendant?
12 Without knowing what plaintiff is seeking to exclude with more
13 specificity, the motion is defective as vague and ambiguous.

14 The second basis for opposing the motion is that it wholly
15 misconceives the primacy of credibility in every trial. A witness's
16 credibility is always relevant, because witnesses who take the
17 stand place their character for truthfulness in issue.

**II.**

**THE CREDIBILITY OF A WITNESS IS ALWAYS RELEVANT, BECAUSE TRUTHFULNESS IS PLACED IN ISSUE BY THE VERY FACT OF TESTIMONY**

The Ninth Circuit clarified the centrality of truth telling to the truth-seeking process:

> Rule 608(b) allows a witness to be cross-examined . . . regarding specific instances of misconduct which do not lead to conviction, if the misconduct is probative of the witness' character for truthfulness or untruthfulness.

2

> Specific bad act evidence is admissible under Rule 608(b) for the purpose of attacking or supporting the witness credibility if it is probative of the witness' character for truthfulness or untruthfulness or challenges a witness's credibility.

*United States v. Geston*, 299 F.3d 1130, 1137 (9th Cir. 2002) [footnote omitted].

Evidence helpful in evaluating the credibility of a witness is of consequence to the determination of the action. *United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000). In *United States v. Irizarry*, 341 F.3d 273, 311 (3d Cir. 2003), the court stated, "However, inasmuch as Irizarry was a witness, his character for truthfulness was an issue for the jury's consideration."

The *Irizarry* court stated that since the proponent of the proffered evidence never attempted to introduce extrinsic evidence under Federal Rule of Evidence 404(b), the testimony was then controlled for admissibility by Federal Rule of Evidence 608(b), which states:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than the conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the

3

|   |   |
|---|---|
| 1 | witness character for truthfulness or |
| 2 | untruthfulness . . . . |

Fed. R. Evid. 608(b), as quoted in *United States v. Irizarry*, 341 F.3d at 311-312. The *Irizarry* court concluded, "We agree that the challenged evidence tended to tended to show deceit, and it was therefore admissible to establish Irizarry's lack of truthfulness, not his character." *Id.* The challenged proffer related to un-charged crimes.

Plaintiff states that "many children lie." This is not supported by any appellate authority or extrinsic data source. She states, "Plaintiff's lies regarding other matters . . . are collateral matters." Credibility, however, is never collateral.

### III.

### CONCLUSION

It is therefore respectfully requested that the Court deny plaintiff's first in limine motion.

Dated: September ____, 2008

                         LAW OFFICES OF ALAN E. WISOTSKY


                         By:_____
                             JEFFREY HELD
                             Attorneys for Defendant,
                             CITY OF OXNARD

4