UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 07-6191-CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., ETC., ET AL. V. CITY OF OXNARD; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | |
| Deputy Clerk | Court Reporter | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Etan Lorant<br>Yael Trock | Jeffrey Held<br>Alan Wisotsky<br>Jill Babington<br>Steven Rothans | |

**Proceedings:**    **[IN CAMERA HEARING]**

**DEFENDANT OFFICER POLO'S UNDER SEAL MOTION TO INTRODUCE EVIDENCE OF PLAINTIFF'S SEXUAL ACTIVITY**

**PLAINTIFF'S MOTIONS IN LIMINE**
**2) EXCLUDE TESTIMONY REGARDING PLAINTIFF'S SEXUAL INVOLVEMENT WITH MALES OTHER THAN OFFICER POLO PRIOR TO AND SUBSEQUENT TO THE INCIDENT;**
**3) EXCLUDE TESTIMONY REGARDING PLAINTIFF'S ALLEGATIONS OF RAPE BY MALES OTHER THAN OFFICER POLO;**
**4) EXCLUDE TESTIMONY REGARDING PLAINTIFF'S ALLEGATIONS OF RAPE BY MALES ON BEACH AFTER SHE WAS ALLOWED TO LEAVE SCHOOL GROUNDS DURING SCHOOL HOURS IN ANOTHER PENDING LAWSUIT AGAINST HUENEME SCHOOL DISTRICT;**
**11) EXCLUDE TESTIMONY FROM MALE JUVENILES THAT PLAINTIFF DID NOT DISCLOSE BEING RAPED AND/OR DENIED BEING RAPED BY OFFICER POLO WITHIN A FEW DAYS OF RAPE**

## I.   INTRODUCTION AND BACKGROUND

Plaintiff J.W., through her guardian ad litem Mark Wilson, filed the instant action on September 24, 2007, against defendants the City of Oxnard ("the City"), Officer Martin Polo ("Officer Polo"), and Does 1 through 10. Plaintiff alleges that on or about August 14, 2006, plaintiff requested assistance from Polo, a police officer with the Oxnard Police Department. Compl. ¶ 12. Plaintiff alleges that Officer Polo picked up

plaintiff in his patrol car and drove her to the Oxnard Police Department Satellite Storefront Substation. Compl. ¶ 12. Plaintiff alleges that Officer Polo sexually assaulted her in one of the rooms of the Substation. Compl. ¶ 12. Plaintiff alleges claims against all defendants for (1) violation of 42 U.S.C. §1983; (2) assault and battery; (3) negligence; (4) intentional infliction of emotional distress; (5) violation of California Civil Code § 51 et seq. (Unruh Act); and (6) violation of California Civil Code § 52.1 (Bane Act). In addition, plaintiff alleges a claim for negligent hiring, retention, and supervision against the City.

The City filed sixteen motions in limine on August 25, 2008. Officer Polo filed twelve motions in limine on August 29, 2008. Plaintiff filed oppositions on September 5, 2008. Polo filed replies on September 15, 2008.

Plaintiff filed eleven motions in limine on August 29, 2008. The City and Officer Polo filed oppositions on September 8, 2008 and September 9, 2008. Plaintiff filed replies on September 15, 2008.

Officer Polo also filed a motion under seal on September 23, 2008. Plaintiff filed an opposition to this motion under seal on October 14, 2008. Officer Polo replied, under seal, on October 17, 2008.

A hearing was held on October 27, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    DISCUSSION

### A.    Defendant's Under-Seal Motion Regarding Rule 412, the Rape-Shield Law

In any civil or criminal proceeding involving alleged sexual misconduct, Rule 412(a) of the Federal Rules of Evidence prohibits the admission of evidence offered to prove (1) that any alleged victim engaged in other sexual behavior or (2) any alleged victim's sexual predisposition. Commonly known as the rape-shield law, Rule 412 provides few exceptions to this prohibition. For example, in a criminal case, a party can submit evidence, which is otherwise admissible, "of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence". Fed. R. Evid. 412(b)(1)(A). Additionally, in a civil case, "evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412 (b)(2).

Officer Polo argues testimony and evidence regarding plaintiff's sexual activity

should be admitted for the following reasons. First, the plaintiff's "voracious sexual behavior immediately following the alleged rape is highly relevant to her credibility" given her testimony that she has hallucinated in the past and has had thoughts that she may be imagining Officer Polo's sexual violation. (Polo's Motion Under Seal 6:17-20.) Second, Officer Polo argues that plaintiff's sexual activity following the rape is required to help determine whose sperm/ejaculate is on plaintiff's underwear. Without it, a jury will "naturally conclude that the male ejaculate belonged to Officer Polo." (Id. 7:6-9.) Third, Officer Polo argues that plaintiff's sexual past and experience is probative of her knowledge of graphic descriptions of sex. Officer Polo argues that unless this evidence is received, the jury will improperly conclude that Officer Polo purportedly said those words to plaintiff. (Id. 9:3-10.) Finally, Officer Polo also claims that the jury should hear evidence that plaintiff alleged she was sexually violated by at least ten other individuals in order to properly determine whether plaintiff's emotional trauma was caused by his alleged rape. (Id. 11:1-4.)

In opposition, plaintiff argues that the motion should be denied for the following reasons. First, Officer Polo allegedly failed to comply with Local Rule 7-3 and confer with plaintiff. Second, Officer Polo filed this motion after the motion cutoff deadline set by Judge George P. Schiavelli. Third, plaintiff has not placed her reputation in controversy and, thus, the exceptions to Rule 412 are not triggered. Fourth, plaintiff states that she will stipulate that the semen/ejaculate found in her underwear worn during the alleged incident was not Officer Polo's semen. Fifth, the probative value of plaintiff's sexual activity to show context to her knowledge of crude sexual words does not affect the prohibition against admitting such evidence under Rule 412(a). Finally, plaintiff argues that her damages can be ascertained without the admission of this evidence.

In reply, Officer Polo claims the parties met and conferred because his counsel advised plaintiff's counsel that he would vigorously oppose any motion by plaintiff to exclude evidence of plaintiff's sexual activity. Officer Polo also claims the motion was timely filed because it was governed by Rule 412(c) rather than Judge Schiavelli's scheduling conference order.[1] Additionally, Officer Polo claims he is not seeking to introduce evidence concerning plaintiff's general reputation for promiscuity. Officer Polo also reasserts his arguments that the probative value of plaintiff's sexual conduct

---

[1] The Court finds the procedural problems raised do not warrant denial of this motion. First, it is clear that the parties did meet and confer to discuss the substance of excluding plaintiff's sexual activity and related issues as demonstrated by plaintiff's four motions in limine below, which address the same issues as this motion. As for the timeliness of the motion, Officer Polo is correct that Rule 412(c) requires a motion of this nature to be filed fourteen (14) days before trial. Officer Polo filed this motion on September 23, 2008, which was fourteen days before the originally scheduled trial date of October 14, 2008, and fifty days prior to the November 12, 2008 trial date herein.

substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. As to plaintiff's proposed stipulation regarding the semen in plaintiff's underwear, Officer Polo argues that even with that stipulation the evidence of plaintiff's sexual conduct is relevant to prove (1) plaintiff's credibility and (2) her damages.

### 1. Credibility

The Advisory Committee Notes to subdivision (a) of Rule 412 explain that the rule's objectives are to shield the alleged victim from potential embarrassment and safeguard the victim against stereotypical thinking. "Consequently, unless the (b)(2) exception is satisfied, evidence such as that relating to the alleged victim's mode of dress, speech or life-style will not be admissible." Fed. R. Evid. 412 advisory committee notes to 1994 Amendments.

Subdivision (b)(2) of Rule 412 governs the admissibility of evidence in civil cases. It employs a balancing test. The balancing test requires the proponent of the evidence, whether plaintiff or defendant, to convince the court that the probative value of the proffered evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice of any party." Id. This balancing test differs from Rule 403 in that it has a presumption of exclusion, only defeated by the proponent's showing that the probative value substantially outweighs the dangers of harm and of prejudice. The Rule 412 test also weighs the probative value against not only prejudice to the parties, but harm to the victim. Id.

Under this test, Officer Polo's request to use testimony and evidence of plaintiff's sexual activity to prove credibility fails. The probative value of her sexual behavior to help determine whether plaintiff is credible does not substantially outweigh the danger of harm to plaintiff. Plaintiff's credibility can be addressed in other ways, such as through her inconsistent statements regarding the incident itself. Accordingly, Officer Polo's motion is denied insofar as he seeks to introduce evidence of Plaintiff's sexual conduct to prove that plaintiff is not credible.[2]

### 2. Physical Evidence of Semen/Ejaculate

The probative value of this physical evidence may outweigh the danger of harm to plaintiff because it appears to be physical evidence that exculpates Officer Polo.[3] Here,

---

[2] The Court rejects plaintiff's argument that she must first put her reputation in controversy before this evidence can be introduced. Officer Polo seeks not to address her reputation but rather to offer evidence of sexual behavior or sexual predisposition.

[3] If this were a criminal case, the motion would likely be granted under subsection (b)(1)(A) of Rule 412. See, e.g., United States v. Bear Stops, 997 F.2d 451, 458 (8th Cir.

tests performed on the underwear that plaintiff wore on the day of the incident, as well as for a day or so afterwards, identified semen or ejaculate from as many as five males, none of which can be conclusively linked to Officer Polo. Plaintiff also has admitted in her deposition that she had sex with and/or was raped by approximately eight men within the 48 hours following the alleged rape by Officer Polo. Thus, the evidence of semen/ejaculate in plaintiff's underwear is highly probative of the alleged rape by Officer Polo.

At the same time, admitting this evidence is highly prejudicial to plaintiff. See, e.g., S.M. v. J.K., 262 F.3d 914, 920 n.3 (9th Cir. 2001) (noting that, in a civil case, the probative value of evidence as to the source of semen must outweigh the risk of harm and prejudice). The Court finds this prejudice outweighs the probative value of this evidence. There are other ways for the parties to disconnect Officer Polo from this physical evidence. At hearing, the parties agreed to stipulate that, at some point after the incident without saying how long, there was a laboratory analysis of her underwear which revealed no physical evidence that could be linked to Officer Polo. Thus, the Court denies Officer Polo's motion seeking to admit this evidence for this purpose.

### 3.     Plaintiff's Knowledge of Sexual Terminology

Officer Polo's argument that plaintiff's sexual history is admissible to provide context to the jury regarding why she, a 12-year-old, knew certain inappropriate sexual terms is unavailing. The probative value of this evidence fails to substantially outweigh the danger of harm to plaintiff. Accordingly, the Court denies the motion to admit this evidence for this purpose.

### 4.     Plaintiff's Damages

Evidence of plaintiff's alleged rapes both directly before and after the incident would be highly probative of not only the cause of her emotional trauma but also the degree of it. At the same time, this evidence is also highly prejudicial and damaging to plaintiff. Because specifics were not given in this motion, the Court denies the motion without prejudice with regards to evidence regarding plaintiff's *allegations of rape by other males only*. The Court reserves judgment as to whether such evidence shall be admitted in the damages phase.

---

1993). As noted above, the subsection makes an exception to the exclusion of evidence of other sexual behavior and conduct if specific instances of sexual behavior by the alleged victim are offered to prove that a person other than the accused was the source of semen, injury or other physical evidence.

    **B.**    **Plaintiff's Motions in Limine[4] ("MIL")**

        **1.**    **MIL No. 2: Exclusion of Plaintiff's Sexual Involvement with Males Other than Officer Polo Prior to and Subsequent to the Incident**

Plaintiff seeks to invoke the federal "rape shield" law to preclude evidence of her involvement with other males. Both defendants oppose this motion.

Defendant City, joined by Officer Polo, argues that exceptions to the rape shield law applies here. It argues there are five areas of relevance with respect to "plaintiff's promiscuity." (City's Opp'n to Pl.'s MIL No. 2 3:8-10.) First, plaintiff's sexual conduct in the three days after the alleged rape is relevant to determine the veracity of plaintiff's testimony. (Id. 3:11-4:25.) Second, the evidence of plaintiff's sexual conduct three days after the alleged rape is required because the forensic tests done on plaintiff's underwear reveal genetic markers in the ejaculate of males other than Officer Polo. (Id. 4:26-6:23.) Third, plaintiff's predisposition as a "promiscuous bohemian" is relevant to help determine the calculation of damages. (Id. 6:24-7:5.) Fourth, plaintiff's "flurry of sexual behavior in the immediate aftermath" is required to show plaintiff's state of mind. (Id. 7:6-9:16.) Fifth, defendant argues that plaintiff's sexual behavior with other persons other than the accused is admissible because it addresses the source of semen exception, under Rule 412 (b)(1)(A).

In reply, plaintiff argues that if Officer Polo seeks to show that DNA testing of plaintiff's underwear revealed sperm that was not his, plaintiff will stipulate to that fact. (Pl.'s Reply 2:5-11.)

The Court grants this motion with regards to plaintiff's sexual conduct, history and behavior. The probative value of her past sexual history in determining whether Officer Polo raped her does not substantially outweigh the danger of harm to plaintiff. There are other avenues open to defendant to challenge plaintiff's credibility that do not pose a danger to harm plaintiff.[5]

        **2.**    **MIL No. 3: Excluding Testimony Regarding Plaintiff's Allegations of Rape by Males Other than Officer Polo**

---

[4] The motions discussed below relate to the evidentiary issues addressed by Officer Polo's under seal motion above and, accordingly, are included in the in camera hearing.

[5] The Court reserves judgment as to whether any of this evidence should be admitted in the damages phase. See discussion infra.

Plaintiff also argues that the rape shield law prohibits admitting evidence of plaintiff's alleged claims of rape by males other than Officer Polo.

Defendant City opposes the motion, arguing that plaintiff's allegations that she was raped by other men six weeks after the alleged rape by Officer Polo are relevant to plaintiff's damages claim. (City's Opp'n to Pl.'s MIL No. 3 2:12-19.) Officer Polo also opposes this motion, arguing that introducing allegations of rape by other men (1) will help the trier of fact to assess plaintiff's credibility; (2) is relevant to show DNA testing of the sperm/ejaculate found in her underwear; (3) will help show why plaintiff "was very experienced with sex and had multiple partners"; and (4) is required to show the nature and extent of her emotional damages.

In her reply, plaintiff argues that defendants' arguments are meritless, aside from the DNA testing issue. As mentioned above, she will stipulate to a factual determination that Officer Polo's ejaculate was not in her underwear.

The resolution of this motion in limine is similar to the MIL No. 2. See discussion supra. Thus, the Court grants this motion as to the liability phases of the trial. The Court reserves judgement as to whether any of the proffered evidence is admissible in the damages phase of the trial.

### 3. MIL No. 4: Exclusion of Testimony Regarding Her Lawsuit Against Hueneme School District

Plaintiff argues that any testimony regarding her lawsuit against the Hueneme School District for negligence, which allegedly resulted in several rapes, should be precluded from trial. She cites Raysor v. Port Authority of New York & New Jersey for the proposition that litigation to other matters failed by plaintiff should be precluded. 768 F.2d 34, 40 (2d Cir. 1985).

Defendant City opposes, arguing that it is the same motion as MIL No. 3. Officer Polo argues that the motion fails to specify whether it seeks to exclude testimony regarding (1) the lawsuit or rather (2) the factual allegations that she was raped by males other than Officer Polo on the beach, as alleged in this lawsuit. (Polo's Opp'n to Pl.'s MIL No. 4 1:14-19.)

To the extent that plaintiff seeks to preclude testimony regarding her lawsuit, the Court finds Raysor applicable and grants the motion. See also Dupard v. Kringle, No. 92-35195, 1996 U.S. App. LEXIS 3365, *13 (9th Cir. Feb. 9, 1996) (finding that evidence regarding a party's propensity for filing lawsuits is prohibited by Rule 404). On the issue of the underlying factual allegations of rape within her lawsuit, the Court grants the motion as to the liability phases of the trial. Again, the Court reserves judgment as to

whether such evidence is admissible for the damages phase of the trial. See discussion supra.

### 4. MIL No. 11: Exclusion of Testimony from Male Juveniles Who Said Plaintiff Either Did Not Disclosed Being Rape and/or Denied Being Raped by Officer Polo

Plaintiff claims that testimony from male juveniles that plaintiff did not disclose to them she was raped by Officer Polo and/or denied being raped by anyone "even though she encountered these males shortly after Officer Polo raped her or within a few days of her rape" is irrelevant. (Pl.'s Motion in Limine No. 11 2:21-27.) It is also highly prejudicial, she argues.

Defendant City opposes the motion for the following reasons. First, defendant argues that plaintiff did not comply with Local Rule 7-3. Second, it argues it would have been natural for plaintiff to share this traumatic event with her intimate confidants shortly after it happened. Although hearsay, defendant claims that her comments made to these confidantes would be admissible under the excited utterance exception.

Officer Polo argues "the fact that J.W. did not report the alleged rape to any of the boys she saw in the 48-hour time period thereafter is, indeed, relevant to assess her credibility."

In her reply, plaintiff does not address the City's allegation that she failed to comply with Local Rule 7-3. Substantively, she argues the opposition of Officer Polo should be disregarded because it lacks merit.

The Court denies plaintiff's motion without prejudice to its being renewed at trial. Plaintiff's denials that she was raped may or may not be relevant, and the Court will decide this issue as and when evidence is presented.

### III. CONCLUSION

In accordance with the foregoing, the Court finds and concludes as follows:

(1) Officer Polo's under seal motion is DENIED without prejudice as to evidence regarding plaintiff's allegations of rape by other males only, and DENIED with respect to all other evidence.

(2) Plaintiff's motion in limine No. 2 is GRANTED insofar as it would exclude this evidence during the liability phase of trial. As to the damages phase of the trial, the Court DENIES plaintiff's motion without prejudice.

      (3) Plaintiff's motion in limine No. 3 is GRANTED insofar as it would exclude this evidence during the liability phase of trial.  As to the damages phase of the trial, the Court DENIES plaintiff's motion without prejudice.

      (4) Plaintiff' motion in limine No. 4 is GRANTED insofar as it would exclude this evidence during the liability phase of trial.  As to the damages phase of the trial, the Court DENIES plaintiff's motion without prejudice.

      (5) Plaintiff's motion in limine No. 11 is DENIED without prejudice to its being renewed at trial.

                                                                          00  :  15

Initials of Preparer:    CMJ