UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Etan Lorant | Alan Wisotsky |
| Yael Trock | Jeffrey Held |
| | Jill Babington |
| | Steven Rothans |

**Proceedings:**   **Defendant City of Oxnard's Motions in Limine 1-16** (filed 8/25/08)

**Defendant Martin Polo's Motions in Limine 1-12** (filed 8/29/08)

**Plaintiff's Motions in Limine 1, 5-8, 9-10** (filed 8/29/08)

## I.   INTRODUCTION AND BACKGROUND

Plaintiff J.W., through her guardian ad litem Mark Wilson, filed the instant action on September 24, 2007, against defendants the City of Oxnard ("the City"), Martin Polo ("Officer Polo"), and Does 1 through 10. Plaintiff alleges that on or about August 14, 2006, plaintiff requested assistance from Officer Polo, a police officer with the Oxnard Police Department. Compl. ¶ 12. Plaintiff alleges that Officer Polo picked up plaintiff in his patrol car and drove her to the Oxnard Police Department Satellite Storefront Substation. Compl. ¶ 12. Plaintiff alleges that Officer Polo sexually assaulted her in one of the rooms of the Substation. Compl. ¶ 12. Plaintiff alleges claims against all defendants for (1) violation of 42 U.S.C. §1983; (2) assault and battery; (3) negligence; (4) intentional infliction of emotional distress; (5) violation of California Civil Code § 51 et seq. (Unruh Act); and (6) violation of California Civil Code § 52.1 (Bane Act). In addition, plaintiff alleges a claim for negligent hiring, retention, and supervision against the City.

The City filed sixteen motions in limine on August 25, 2008. Officer Polo filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

twelve motions in limine on August 29, 2008.  Plaintiff filed oppositions on September 5, 2008.  Officer Polo filed replies on September 15, 2008.

Plaintiff filed eleven motions in limine on August 29, 2008.  The City and Officer Polo filed oppositions on September 8, 2008 and September 9, 2008.  Plaintiff filed replies on September 15, 2008.

A hearing was held on October 27, 2008.  After carefully considering the arguments of the parties, the Court finds and concludes as follows with regard to the City's motions in limine 1-16, Officer Polo's motions in limine 1-12, and plaintiff's motions in limine 1, 5-8, 9-10.

### A.    The City's Motions in Limine

### 1.    Brady Letter Issued to Officer Polo in an Unrelated Matter

The City seeks to exclude a March 19, 2001 letter, written by the District Attorney and sent to the Oxnard Police Department, in which the District Attorney stated that Officer Polo had given inaccurate information about a confidential informant in a matter unrelated to the instant action.  Mot. at 2.  The District Attorney's letter specified that the letter would thereafter be <u>Brady v. Maryland</u> material.  Mot. at 2; <u>See</u> 373 U.S. 83 (1963).

The City argues that the <u>Brady</u> letter is inadmissible because it is improper impeachment on a collateral matter, it is improper opinion evidence of Officer Polo's truthfulness, and that it should be excluded under Federal Rule of Evidence 403 because it is substantially more prejudicial than probative.  Oxnard Mot. at 2.

Plaintiff, however, argues that the <u>Brady</u> letter is admissible as impeachment evidence under Federal Rule of Evidence 608.  Under Federal Rule of Evidence 608(a), "the credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation."  However, under Federal Rule of Evidence 608(b), specific instances of conduct concerning the witness's character for truthfulness may not be proven by extrinsic evidence, although they may be inquired into upon cross-examination of the witness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

The <u>Brady</u> letter is extrinsic evidence.  Therefore, under Federal Rule of Evidence 608(b), it may not be admitted as evidence of a specific incident of conduct concerning the witness's character for truthfulness.[1]

Furthermore, even if the <u>Brady</u> letter arguably contains an opinion about Officer Polo's truthfulness, the letter is nevertheless inadmissible as opinion evidence under Federal Rule of Evidence 608(a), because the letter itself is inadmissible hearsay – "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"– under Federal Rule of Evidence 801(c).  Plaintiff does not argue that the letter should be admitted under one of the hearsay exceptions, and it appears that the only hearsay exception that might arguably apply to the letter is the Federal Rule of Evidence 803(8) exception for "public records and reports."  However, even if the public records exception were to apply, the Court finds that admitting the letter would be more prejudicial than probative, under Federal Rule of Evidence 403, because (1) any opinion regarding defendant's character for truthfulness contained in the letter is over seven years old, (2) it is likely that any opinion evidence would be difficult to separate from specific instances of conduct evidence, and (3) the introduction of the letter and the attendant explanation of its contents may cause undue delay in the trial.

Therefore, the Court GRANTS the City's motion in limine No. 1.

## 2.    Oxnard Police Department's Criminal Investigation of Officer Polo

The City alleges that plaintiff's sexual assault allegations triggered a routine criminal investigation of Officer Polo.  Mot. at 2-3.  The City alleges that the investigation was, pursuant to routine practice, handed over to the District Attorney's office, which reviewed the evidence and wrote an extensive report determining that the evidence was insufficient to warrant prosecution.  Mot. at 3.  The City argues that "all

---

[1] However, assuming that the incident that is the subject of the letter does in fact concern Officer Polo's character for truthfulness, the incident may be inquired into upon cross-examination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|---|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

evidence and argument concerning the conduct of the criminal investigation, the opinions of the investigating officers about it, its delivery by the Oxnard Police Department to the District Attorney's Office, the opinions of the District Attorney's Office, the District Attorney's Office's Report, and any mention of the fact that there was a criminal investigation of the individual defendant" should be excluded. Mot. at 5.

Plaintiff states that she does not intend to introduce evidence of the investigation's submission to the District Attorney's Office. Opp'n at 3. However, plaintiff argues that evidence that was obtained from the criminal investigation is relevant to her case, and that evidence regarding whether the criminal investigation was properly managed is relevant to the Monell phase of the trial.

With regard to the liability phase of the trial, plaintiff has not set forth a compelling argument for introduction of evidence that a criminal investigation occurred or evidence regarding the way in which the investigation was conducted. Whether or not particular evidence that was collected pursuant to the investigation is relevant to plaintiff's case has little bearing on the instant motion, which deals with the question of whether the investigation itself is admissible. Because evidence regarding the fact that the criminal investigation took place, the procedures used, and the opinions of those involved is not relevant and may cause unfair prejudice, the Court finds that such evidence is not admissible for the liability phase. However, the Court reserves judgment as to whether such evidence is relevant to the question of whether the City should be subject to Monell liability. Accordingly, the Court GRANTS the City's motion in limine No. 2 with respect to the liability phase of the trial. As to the question of Monell liability, the Court DENIES the City's motion in limine No. 2 without prejudice.

### 3. Other Unconvicted "Bad" Acts Allegedly Attributable to Officer Polo

The City, joined by Officer Polo, seeks to exclude evidence of unconvicted "bad" acts allegedly committed by Officer Polo, including (1) evidence regarding Officer Polo's dissolution of marriage, (2) evidence regarding administrative discipline of Officer Polo, (3) evidence regarding Officer Polo's personal relationships, (4) evidence of Officer Polo's behavior toward uninvolved third parties, including a juvenile female Explorer Scout, and (5) evidence regarding Officer Polo's character and personality traits. Mot. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

5. The City argues that such evidence should be excluded under Federal Rule of Evidence 404(b), which provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Plaintiff argues that the City's motion is improper, because the City is seeking a blanket order of exclusion, and that

> evidence from Polo's dissolution of marriage proceedings, personal relationships, and/or administrative discipline can be admissible if relevant, and if it is offered for some other reason except for character evidence. For example, some evidence may be offered for evidence of habit or custom under Federal Rules of Evidence 406 or as 'other bad acts' under Federal Rules of Evidence 404(b). Opp'n at 3.

Many of the specific items of evidence that the City seeks to exclude are the subject of other motions in limine discussed herein. As stated in the discussion regarding the City's motion in limine No. 10, evidence regarding the incident with the juvenile female Explorer Scout is excluded. As stated in the discussion regarding Officer Polo's motion in limine No. 8, evidence regarding administrative discipline of Officer Polo is excluded from the liability phase, except for the limited purposes of impeaching Officer Polo if he chooses to testify. With regard to evidence of Officer Polo's personal relationships, plaintiff states that she intends to call as a witness a woman who will testify that she had sex with Officer Polo in the same location in the Oxnard Police Department Substation where Officer Polo allegedly raped plaintiff. Opp'n at 4. As stated in the discussion regarding Officer Polo's motion in limine No. 2, evidence that Officer Polo engaged in sexual activity with others in the Oxnard Police Department Substation is excluded from the liability phase of trial.

With regard to evidence related to Officer Polo's divorce, plaintiff fails to make any argument that such evidence should be admitted. Because such evidence appears to be irrelevant to the instant action and appears to be impermissible character evidence under Federal Rule of Evidence 404(b), the Court concludes that exclusion is appropriate.

However, the City's request that the Court exclude all evidence regarding Officer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

Polo's character and personality traits is too vague, as some such evidence may be admissible for impeachment purposes under Federal Rule of Evidence 608, or as character evidence under Federal Rules of Evidence 404, 406, or 415.  Therefore, because granting the City's motion would exclude some potentially admissible evidence, the Court DENIES motion in limine No. 3 without prejudice to its being renewed as to specific proffers at trial.

**4.     Expert Opinions by Persons Not Disclosed by the July 16, 2008 Deadline**

The City argues that plaintiff's expert witnesses should be excluded, because plaintiff did not timely designate the experts 90 days before the original October 14, 2008 trial date, as required by Federal Rule of Civil Procedure 26(a)(2)(C)(I).  Mot. at 2. Officer Polo makes a similar argument in his motion in limine No. 4, which is considered in conjunction with the instant motion herein.

Plaintiff's expert witness designation was made on August 14, 2008, almost a month after the deadline for disclosure had passed.  Mot. at 2.  Plaintiff, however, argues that the disclosure was proper under Federal Rule of Civil Procedure 26(a)(2)(C)(ii), which allows for designation of rebuttal witnesses within 30 days of the other party's disclosure.  Opp'n at 4.  The City counters that plaintiff's experts can not properly be deemed rebuttal witnesses, because their opinions are not being offered "solely to contradict or rebut" defendant's disclosed expert opinions, as required by Federal Rule of Civil Procedure 26(a)(2)(C)(ii).  The City and Officer Polo therefore argue that testimony from plaintiff's two retained experts – Roger A. Clark and Maria T. Lymberis – should be excluded.  Furthermore, defendants argue that plaintiff's other non-retained experts should not be permitted to testify unless they will be called exclusively as rebuttal witnesses.

**a.     Roger A. Clark**

The City argues that there are two deficiencies with plaintiff's designation of Roger A. Clark ("Clark"), a police practices expert, as a rebuttal witness.  Mot. at 3. First, the City argues, it is not credible that Clark is being called "solely to contradict or rebut" defendants' expert, because defendants have not designated a police practices

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

expert.  Mot. at 3; <u>See</u> Fed. R. Civ. P. 26(a)(2)(C)(ii).  Furthermore, the City argues that the designation is deficient, because plaintiff failed to timely submit a written report setting forth Clark's opinions as required by Federal Rule of Civil Procedure 26(a)(2)(B).  Mot. at 3.

Plaintiff fails to specifically address either of these arguments regarding Clark.  The only argument made by plaintiff that appears to address this question is that testimony regarding "whether a police officer violates norms of conduct and proper standards of behavior by tipping off another police officer who is accused of a crime" is not, in fact, expert testimony governed by Federal Rule of Evidence 702, but is rather lay opinion governed by Federal Rule of Evidence 701.  It is unclear, however, if plaintiff intends for Clark, or for some other witness, to testify on this "norms of conduct" issue.  The fact that plaintiff designated Clark as an expert witness indicates that she intends to call him for purposes of providing an expert opinion governed by Federal Rule of Evidence 702, in which case timely disclosure and submission of a written report is required.  Therefore, to the extent that plaintiff intends for Clark to testify as an expert, the Court finds exclusion of his testimony to be appropriate, because (1) defendants have not designated an expert to testify on police procedures, (2) plaintiff has failed to show that Clark's testimony will be given "solely to contradict or rebut" defendants' expert testimony, and (3) plaintiff has failed to submit an expert report for Clark.[2]

By contrast, it may be permissible for Clark to testify as a lay witness, including on the topic of norms of police conduct, as long as his testimony is "rationally based on [his] perception," "helpful," and "not based on scientific, technical, or other specialized knowledge" as required by Federal Rule of Evidence 701.  <u>See</u>, <u>e.g.</u>, <u>United States v. Von Willie</u>, 59 F.3d 922, 929 (9th Cir. 1995) (officer's testimony that drug traffickers commonly possessed a specific weapon and stored the weapon in proximity to drugs was properly admitted lay opinion, because it was based on his personal experience with drug

---

[2] To the extent it could be argued that plaintiff's disclosure was in fact timely, because the trial date was continued to November 12, 2008 and her disclosure was made within 90 days of that date, the Court finds such argument irrelevant, because plaintiff failed to submit an expert report for Clark as required by Federal Rule of Civil Procedure 26(a)(2)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

investigations); <u>United States v. Simas</u>, 937 F.2d 459, 465 (9th Cir. 1991) (law enforcement officer's testimony that defendant's action matched the "usual criminal *modus operandi*" was properly admitted lay opinion).  However, lay witnesses may not offer legal conclusions and may not tell the jury what result to reach.  <u>See</u> <u>Evangelista v. Inlandboatmen's Union of Pac.</u>, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985); <u>Kostelecky v. NL Acme Tool/NL Indus., Inc.</u>, 837 F.2d 828, 830 (8th Cir. 1988).

**b.    Plaintiff's Expert Maria T. Lymberis**

The City argues that plaintiff's designation of psychologist Maria T. Lymberis ("Lymberis") as a rebuttal witness is not proper, because none of the opinions set forth in her Rule 26 report are offered "solely to contradict or rebut" defendant's disclosed expert testimony.  Mot. at 3.  Plaintiff, however, argues that Lymberis's expert report directly rebuts the report of defendant's expert, Stephen J. Wilson ("Wilson"), and therefore Lymberis's expert opinions should be admitted.  To support her argument, plaintiff enumerates aspects of Lymberis's expert report which directly rebut Wilson's expert report.

First, plaintiff argues that the parts of Lymberis's report dealing with plaintiff's credibility directly rebut Wilson's report.  For example, plaintiff argues that Section VII(1) of Lymberis's report, which deals with the "issue of reliability and credibility of Plaintiff JW before the rape" is offered expressly to rebut Sections 2 and 4 of Wilson's expert report, which state that plaintiff is an "unreliable historian" and that she is "known to lie, distort, and exaggerate."  Opp'n at 4; <u>See</u> Pl's Ex. A; The City's Ex. C.  Furthermore, plaintiff argues that Section VII(2) of Lymberis's report, which discusses plaintiff's credibility regarding the allegations of rape that are the subject of the instant action, responds directly to Sections 2, 3, 4, and 5 of Wilson's report which deal with aspects of plaintiff's credibility.  Opp'n at 5; <u>See</u> Pl's Ex. A; The City's Ex. C.

The Court finds that, regardless of whether it is offered in rebuttal, aspects of Lymberis's testimony that deal with plaintiff's credibility must be excluded.  The Ninth Circuit has held that "[c]redibility . . . is for the jury -- the jury is the lie detector in the courtroom."  <u>United States v. Barnard</u>, 490 F.2d 907, 913 (9th Cir. 1973) (finding exclusion of psychiatrist's and psychologist's testimony that witness was a sociopath and not credible was proper, and that admitting such testimony "may cause juries to surrender

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

their own common sense in weighing testimony"); see also United States v. Nguyen, 2006 U.S. App. LEXIS 17395, 3-4 (9th Cir. July 10, 2006) ("[Expert] testimony about the credibility of witnesses has consistently been excluded in the Ninth Circuit"); United States v. Robinson, 1991 U.S. App. LEXIS 356 (9th Cir. Jan. 9, 1991) ("expert testimony cannot be offered to buttress credibility"). Therefore, expert testimony regarding plaintiff's credibility must be excluded.

Plaintiff demonstrates, however, that other aspects of Lymberis's report may be relevant for rebutting Wilson's testimony. For example, Lymberis's statements regarding the ways in which the alleged rape affected plaintiff's cognitive function and psychiatric condition appear to be, as plaintiff argues, offered to rebut Wilson's statements that plaintiff is "capable of functioning at her academic level" and that plaintiff's "psychological impairment predated the alleged 8/14/06 molestation by Officer Polo." Opp'n at 6; See Pl's Ex. A; The City's Ex. C. In addition, Lymberis's statements that plaintiff's behavior issues were the result of trauma from the alleged sexual assault appear to rebut Wilson's statement that "it is my opinion that her sexual acting out, use of drugs, poor academic performance and repeated runaways are indicative of an ever-worsening emotion condition identified by her parents at least as far back as the second grade (7-8 years of age)." Opp'n at 6; See Pl's Ex. A; The City's Ex. C.

The Court therefore finds exclusion of any testimony regarding plaintiff's credibility to be appropriate. The Court reserves judgment on the question of whether other aspects of Lymberis' testimony must be excluded.

### c.   Other Non-Retained Experts

Plaintiff's witness disclosure lists four of plaintiff's treating health care providers as non-retained experts: Ronald D. Sager, M.D.; Robin Weiner, M.D.; Diane Jackson; and Steven S. Ruths, M.D. In its motion, the City appears to argue that these experts should be precluded from testifying regarding the following topics: (1) whether children typically fail to report or delay reporting sexual abuse; (2) whether children who have been sexually abused typically deny such abuse; (3) whether children tend to exaggerate on certain topics; and (4) the effects of sexual abuse on children. Mot. at 5. Similarly, Officer Polo argues in his motion in limine No. 4 that these experts' testimony must be limited to matters "solely to contradict or rebut" defendants' expert testimony. Polo Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

in Limine No. 4 at 6.  Officer Polo argues that testimony from plaintiff's treating health care providers regarding whether it is common for minors not to immediately report rape does not directly rebut anything in Wilson's report, and therefore must be excluded.  Polo Reply at 3.

Plaintiff, however, argues that she is entitled to call her treating physicians as rebuttal expert witnesses and that, as such, they may testify that (1) some minors do not immediately report rape and (2) that it would not be abnormal for a minor to wait "two or three weeks and [then tell] her mother something bad happened with somebody, and then later on [report] it to somebody else saying 'somebody did something bad to me.'" Opp'n at 8.  Plaintiff argues that this testimony would be offered specifically to rebut Wilson's report, in which he states that it was "highly out of the ordinary" that, when questioned upon admission to hospitals on three separate occasions after the alleged rape occurred, plaintiff denied having ever been sexually assaulted.[3]  Opp'n at 8; see The City's Ex. C.  Officer Polo, however, argues that the testimony proposed by plaintiff does not directly rebut Wilson's testimony, because Wilson's testimony specifically deals with the question of whether it was unusual under the specific circumstances for plaintiff not to report abuse.  Polo Reply at 3.

A treating physician who has been disclosed as an expert witness but for whom no Rule 26 report has been filed may testify regarding his or her "opinions on causation, diagnosis, prognosis, extent of disability, or other matters based on their treatment of a party.  Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2006) § 11:381 (emphasis in original); see also Redfoot v. B.F. Ascher & Co., 2007 U.S. Dist. LEXIS 40002 *41 (N.D. Cal. 2007).  However, a Rule 26 report is required "where the treating physician is specially retained to render a medical opinion and his or her proposed testimony extends beyond facts made known to him or her during the course of care and treatment of the patient."  See Schwarzer, Tashima & Wagstaffe at 11:382; see also Redfoot v. B.F. Ascher & Co., 2007 U.S. Dist. LEXIS 40002 *41 (N.D. Cal. 2007).

---

[3] Plaintiff also argues that Lymberis's opinion that "it is normative for victims of sexual abuse to deny and have great difficulty disclosing their abuse" is a rebuttal to Wilson's statement that plaintiff's failure to disclose her rape is "highly out of the ordinary."  Opp'n at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

Therefore, because plaintiff has failed to provide a Rule 26 report for plaintiff's treating physicians, to the extent that the treating physicians are testifying as experts, their expert testimony is limited to their opinions based on their treatment of plaintiff.

Plaintiff also argues that the topics that the City seeks to exclude may be introduced as lay opinion under FRE 701. Therefore, she argues, witnesses such as "the sexual assault unit of Oxnard Police Department, teachers, parents, or treating health care providers can testify" about these topics. Opp'n at 4. Because defendant's motion deals with the question of whether plaintiff's expert witnesses' opinions must be excluded, the Court does not address the issue of whether lay opinion testimony that plaintiff intends to offer at trial is admissible. In general, plaintiff may introduce the testimony of lay witnesses, as long as such testimony is "rationally based on [his] perception," "helpful," and "not based on scientific, technical, or other specialized knowledge" as required by Federal Rule of Evidence 701. See, e.g., Von Willie, 59 F.3d at 929.

### d.    Conclusion

Because it would exclude some potentially admissible evidence, the Court DENIES the City's motion in limine No. 4 without prejudice to it being renewed at trial.

### 5.    Indemnification

The City argues that evidence and arguments regarding indemnification of either defendant should be excluded. Mot. at 2-4, citing Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir. 1994) ("unless the fact that the plaintiff is insured or otherwise indemnified is a material issue in the case, or unless the prejudicial effect has been cured by an admonition or instruction to the jury to disregard it, it has been almost universally held that the receipt of such evidence constitutes prejudicial error sufficient to require reversal"). Plaintiff does not oppose this motion. Under Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion. In light of the substantial issues raised by the City and the fact that plaintiff does not oppose this motion, the Court GRANTS the City's motion in limine No. 5.

### 6.    Golden Rule Argument

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                           ○

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|---|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

The City argues that all parties should be precluded from asking the jurors "to place themselves or those associated with them in the shoes of the parties" and "to consider how it would feel if they were the parties."  Mot. at 3-4, citing <u>Forrestal v. Magendantz</u>, 848 F.2d 303, 309 (1st Cir. 1988) ("There can be little doubt that suggesting to the jury that it put itself in the shoes of a plaintiff to determine damages is improper argument.  This so-called Golden Rule argument has been universally condemned because it encourages the jury to depart from neutrality . . .").  Plaintiff does not oppose this motion.  In light of the substantial issues raised by the City and the fact that plaintiff does not oppose this motion, the Court GRANTS the City's motion in limine No. 6.

### 7.    Personal Effects Found in Officer Polo's Locker During Warrant Search

The City argues that personal affects that were found in Officer Polo's locker pursuant to a warrant search, conducted 363 days after the alleged sexual assault occurred, are not relevant to the instant action.  Mot. at 2.  However, plaintiff argues that she should be permitted to introduce evidence that marijuana was found in Officer Polo's locker as "evidence of habit and custom of being disrespectful toward the law."  Opp'n at 3.

Under Federal Rule of Evidence 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  The Ninth Circuit has set forth a four-part test to determine whether evidence is admissible under 404(b):

> (1) there must be sufficient proof for the jury to find  that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged.

<u>Duran v. City of Maywood</u>, 221 F.3d at 1132-1133 (9th Cir. 2000).  In this case, evidence that marijuana was found in Officer Polo's locker almost a year after the sexual assault allegedly occurred does not tend to "prove a material issue in the case," and possession of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

marijuana is not "similar to the offense charged."  See id.  Therefore, the evidence is inadmissible under Federal Rule of Evidence 404(b).

Furthermore, contrary to plaintiff's argument, the evidence is also inadmissible as habit evidence under Federal Rule of Evidence 406.  Federal Rule of Evidence 406 allows "evidence of the habit of a person" to be admitted "to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."  Habit evidence "describes one's regular response to a repeated specific situation. . . In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct."  United States v. Angwin, 271 F.3d 786, 799 (9th Cir. 2001), overruled in part on other grounds by United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007).  Evidence of the presence of marijuana in Officer Polo's locker does not go toward proving his "regular response to a specific situation," as it fails to provide any evidence of behavior that was "reflexive" or that occurred with "regularity."  Id.  Furthermore, a general pattern of disrespect toward the law is not nearly sufficiently specific to constitute habit.  See id.

For the foregoing reasons, the evidence of the contents of Officer Polo's locker that are not relevant to the instant action, including the marijuana, is not admissible for the liability phase.  However, the Court reserves judgment as to whether such evidence is relevant to the question of whether the City should be subject to Monell liability.  Accordingly, the Court GRANTS the City's motion in limine No. 7 with respect to the liability phase of the trial.  As to the question of Monell liability, the Court denies the City's motion without prejudice.

**8.     Semen Evidence of Sexual Liaisons by Other Officers**

The City seeks to exclude evidence of sexual liaisons by other officers (also referred to as the "semen evidence") in the Substation where plaintiff alleges she was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

raped.[4]   The City claims this evidence is unduly prejudicial and should be excluded under Federal Rule of Evidence 403, as it suggests "that something in the building itself radiates sexuality."  Mot. at 3.

Plaintiff responds that such evidence is relevant to show that Officer Polo knew the site could be used for sexual activities, and had the opportunity to do so, or to impeach Officer Polo's testimony about the same.[5]   Plaintiff also claims the evidence is relevant to show negligent supervision of officers and for its Monell action.

Evidence should only be excluded under Rule 403 where the probative value is likely to be substantially outweighed by its unfairly prejudicial effect.  Fed. R. of Evidence 403; U.S. v. 87.98 Acres of Land More of Less in the County of Merced, 530 F. 3d 899, 905 (9th Cir. 2008).   The semen evidence has little or no probative value as to the issue of whether Officer Polo raped plaintiff.  Plaintiff does not allege that the semen has any relationship to Officer Polo, or to any sexual assault at all.  While the evidence of regular sexual activity in the substation could be relevant to show the relative privacy of the area, there are far more probative ways to demonstrate whether the location was private (e.g., testimony about the layout, the frequency of foot traffic, etc.).  The semen evidence itself is not probative of Officer Polo's knowledge of other sexual activity in the room.

---

[4] Plaintiff refers to this as "semen evidence," and the City does not state what specific evidence it seeks to exclude.  As such, the Court's analysis and ruling on this motion only apply to evidence of semen at the substation, and not other possible evidence of sexual activities in the substation.  Lacking information as to what this other evidence may be, the Court is unable to determine whether it is admissible at this time, and defendants may make a more specific objection at trial.

[5] Plaintiff also claims the evidence is admissible under Rule 404(b) (evidence of other acts admissible to show proof of motive, intent, plan, opportunity, preparation, knowledge or identity) and Rule 406 (habit evidence admissible to show conduct in conformity).  However, since plaintiff is not attempting to argue that this is evidence of Officer Polo's conduct, and the City does not challenge this evidence as improper character evidence under Rule 404(a), these rules are irrelevant to the immediate motion. Rule 403 deals with evidence that is concededly admissible under other rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|----------|------------------------|------|------------------|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

The Court reserves judgment as to whether such evidence is relevant to the question of whether the City should be subject to <u>Monell</u> liability.  Accordingly, the Court GRANTS the City's motion in limine No. 8 with respect to the liability phase of the trial.  As to the question of <u>Monell</u> liability, the Court denies the City's motion without prejudice.

### 9.    Argument and Evidence of Sexual Liaisons between Officer Polo and Nonparties

The City seeks to exclude argument and evidence of "intimate physical liaisons" between Officer Polo with "nonparty paramours."  Under this broad label, there are two distinct areas of inquiry the City challenges.  First, it seeks to exclude video evidence of sexual liaisons between Officer Polo and non-party women, found in his home and vehicle.  Mot. at 2.  The parties do not provide any further details regarding what this video evidence shows.  Plaintiff does not address the video evidence, and concedes that "otherwise consensual adult sexual liaisons not involving Polo acting on-duty, or not involving the police Beat 21 Substation/Storefront, are irrelevant here."  Pl.'s Opp'n  at 4.  Accordingly, the City's motion in limine No. 9 is GRANTED as to the video evidence.

 Second, the City seeks to exclude the testimony of Anne Jones ("A.J."), who apparently engaged in consensual sexual activity with Officer Polo.  Pl.'s Opp'n  at 4.  The City cites both Federal Rule of Evidence 404(b), which prohibits the introduction of prior acts,  and general constitutional privacy rights  to support the claim that all evidence of sexual activity with nonparties should be excluded.

Although plaintiff contends Jones' testimony is admissible under Rule 404(b) to show opportunity, plaintiff has failed to show that whether Officer Polo had the opportunity to have consensual sex with an adult female at the substation has any relevance to the issue of whether he raped plaintiff.[6]   However, the Court reserves

---

[6] Plaintiff also alleges that the Jones evidence is admissible under Federal Rule of Evidence 406  as evidence of "habit and custom of having sexual activities at the backroom" of the substation.  Pl.'s Opp'n at 5.  The Court rejects this argument, since evidence that Officer Polo had sex at the substation one time is insufficient to establish a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|----------|------------------------|---|------|------------------|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

judgment as to whether such evidence is relevant to the question of whether the City should be subject to <u>Monell</u> liability. Therefore the Court GRANTS the City's motion in limine No. 9 as to consensual activities between Officer Polo and A.J. with respect to the liability phase of the trial.  However, should plaintiff make a proper evidentiary showing at trial as to why this evidence should be admitted under Rule 404(b), the Court will revisit this ruling.  As to the question of <u>Monell</u> liability, the Court DENIES the City's motion without prejudice.

### 10.    August 13, 2007 Search Warrant Raid

The City argues that, with regard to the criminal investigation of Officer Polo that arose from plaintiff's allegations of sexual assault, the Court should exclude evidence of the preparation of the search warrant, the search warrant affidavit, the search warrant return, the court order, and other related documents because such evidence is not probative in the instant action.  Mot. at 2.  Plaintiff, however, argues that these items should not be excluded, because two probative items were found through the warrant search: a bag of marijuana found in Officer Polo's locker, and a torn-up note found in the Oxnard Police Department Substation.  Furthermore, plaintiff argues that Detective Sharon Giles' affidavit in support of the search warrant is relevant for purposes of impeachment of Officer Polo and other witnesses, because it contains information about Officer Polo "such as a prior complaint against him for sexual assault on a juvenile female Explorer."  Opp'n at 4.

Plaintiff has not set forth a compelling argument for introduction of documents related to the search warrant during the liability phase of the trial.  Plaintiff's arguments regarding the admissibility of the marijuana and the torn note during the liability phase are considered and rejected in the City's motions in limine No. 7 and No. 13 herein.

Furthermore, plaintiff's argument that the search warrant affidavit contains relevant information for impeachment purposes, such as allegations of Officer Polo's

---

habit.  <u>See</u> <u>Scott v. Amer. Broadcasting Co., Inc.</u>, 878 F.2d 386 (9th Cir. 1989) ("Rule 406 may be invoked only where a high degree of specificity and frequency of uniform response is present.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

sexual misconduct toward a juvenile female Explorer Scout, is without merit. First, plaintiff fails to allege that the affidavit contains information concerning Officer Polo's character for truthfulness, as required for impeachment under Federal Rule of Evidence 608. Furthermore, even if the allegations did involve Officer Polo's character for truthfulness, the affidavit is not admissible under Federal Rule 608(b), because extrinsic evidence of specific instances of conduct may not be admitted for the purpose of impeaching a witness.

Moreover, the affidavit's allegations regarding the juvenile female Explorer Scout cannot be admitted as character evidence. Under Federal Rule of Evidence 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Furthermore, although Federal Rule of Evidence 415 provides that incidents of a defendant's similar crimes of sexual assault may be admitted in civil cases involving sexual assault, this exception does not apply in the instant action. Plaintiff states that the affidavit contains information about "a prior complaint against [Officer Polo] for sexual assault," but in fact the affidavit contains information regarding alleged <u>sexual misconduct</u> by Officer Polo, namely that Officer Polo gave his phone number to the 16 year-old Explorer Scout, that he offered to take a clothed picture of her, and that he made a lewd statement about the Explorer Scout's body to a male cadet. <u>See</u> Opp'n at 4; <u>see also</u> Pl.'s Opp'n to Def. Polo's Mot. 11, Ex. A. None of these acts qualify as an "offense of sexual assault" as defined in Federal Rule of Evidence 413(d).

Because evidence regarding the search warrant is irrelevant and potentially prejudicial, it is not admissible during the liability phase of the trial. However, the Court reserves judgment as to whether such evidence is relevant to the question of whether the City should be subject to <u>Monell</u> liability. Accordingly, the Court GRANTS the City's motion in limine No. 10 with respect to the liability phase of the trial. However, should plaintiff make a proper evidentiary showing at trial as to why this evidence should be admitted under Rule 404(b), the Court will revisit this ruling. As to the question of <u>Monell</u> liability, the Court denies the City's motion without prejudice.

## 11.    Evidence of Officer Polo's Resignation

The City argues that Officer Polo's resignation from the Oxnard Police

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

Department, "[f]or reasons wholly unrelated to the plaintiff's accusations," is irrelevant because it has no tendency to "prove the existence or nonexistence of a sexual violation of the plaintiff" and should therefore be excluded pursuant to Federal Rule of Evidence 402. Mot. at 2. The City further argues that Officer Polo's resignation should be excluded because it is impermissible character evidence. Id. at 2-3 (citing Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993)).

Plaintiff responds that Officer Polo's resignation is evidence of a subsequent remedial measure under Federal Rule of Evidence 407. Opp'n at 3. Plaintiff argues that she should be permitted to inquire as to why Officer Polo resigned and why the City wanted to terminate him in order to impeach Officer Polo and show that the City had the ability to take precautionary measures and control Officer Polo. Id. Plaintiff further argues that "Polo's resignation in lieu of termination indicates his consciousness of guilt with regard to Plaintiff's rape." Id. at 4. Moreover, plaintiffs contend that while this evidence may be prejudicial to defendants, it is not unfairly prejudicial. Id.

Evidence of Officer Polo's resignation is not admissible as a subsequent remedial measure because the City has not argued that it was incapable of removing Officer Polo and therefore has not controverted feasibility. Federal Rule of Evidence 407. Nevertheless, evidence that Officer Polo is no longer employed by the City is relevant for the purposes of this trial. However, the jury should not draw any adverse inferences regarding Officer Polo's innocence or guilt from the fact that he resigned. Therefore, evidence of Officer Polo's resignation may be admitted at trial with a limiting instruction. In accordance with the foregoing, the Court DENIES the City's motion in limine No. 11 without prejudice to its being renewed at trial.

## 12.    Testimony from Officer Polo's Administrative Interview

The City, joined by Officer Polo, argues that the internal affairs investigation constitutes a remedial measure under Federal Rule of Evidence 407 and therefore cannot be used to show negligence or culpable conduct. Mot. at 3 (citing Maddox v. City of Los Angeles, 792 F.2d 1408, 1417 (9th Cir. 1986)). The City further argues that Officer Polo had no choice but to give a statement in the internal affairs investigation and should not be subject to civil liability for statements that he was required to make. Id. at 3-4. However, the City concedes that an officer's statement in an internal investigation is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

protected within the context of a civil proceeding.  Id. at 3.

Plaintiff responds that Cal. Govt. Code § 3303(f)(3) permits Officer Polo's statement to internal affairs to be admitted for purposes of impeachment.  Section 3303(f)(3) provides

> f) No statement made during interrogation by a public safety officer under duress, coercion, or threat of punitive action shall be admissible in any subsequent civil proceeding. This subdivision is subject to the following qualifications:
>
> ...
>
> (3) This subdivision shall not prevent statements made by a public safety officer under interrogation from being used to impeach the testimony of that officer after an in camera review to determine whether the statements serve to impeach the testimony of the officer.

Cal. Govt. Code § 3303(f)(3).  Plaintiff argues that Officer Polo's statement to internal affairs is relevant to show Officer Polo's state of mind and feelings towards plaintiff.  Opp'n at 4.  Plaintiff further argues Officer Polo's use of profanity in his statement is "probative of his habit, practice, and attitude toward females."  Opp'n at 4-6.  Plaintiff also contends that Officer Polo's statement to internal affairs "should be admissible to bear on his motive and intent with respect to degrade the child-Plaintiff."  Id. at 7.

The Court concludes that Officer Polo's statement to police is admissible at the liability phase of the trial only for purposes of impeaching Officer Polo's testimony if, after an in camera review, the Court determines that the statement in fact serves to impeach Officer Polo's testimony.  Cal. Govt. Code § 3303(f)(3); People v. Gwillim, 223 Cal. App. 3d 1254, 1269 (1990).  Officer Polo's statement is not admissible to show his "habit, practice, and attitude towards females" because Officer Polo's statements in one interview are insufficient to establish habit.  See Scott, 878 F.2d 386 ("Rule 406 may be invoked only where a high degree of specificity and frequency of uniform response is present.")  The information contained in the internal affairs report may also be relevant to plaintiff's contention that the City is subject to Monell liability.  See Davis v. Mason

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

County, 927 F.2d 1473, 1479 (9th Cir. 1991); MARTIN A. SCHWARTZ, SECTION 1983 LITIGATION: FEDERAL EVIDENCE § 2.11 (3d ed. 1999). Accordingly, the Court DENIES the City's motion in limine No. 12 without prejudice to its being renewed at trial.

### 13.    Pieced Together Torn Note

The City, joined by Officer Polo, argues that a pieced together torn note, which was found in the course of the August 13, 2007 warrant search in a desk used by several officers in the Oxnard Police Department Substation, should be excluded. Mot. at 2. The torn note, the City alleges, contains a statement which appears to read, "Someone might be listening. I can get in trouble. Did you tell anyone about us?" but also contains a number of other innocuous entries and does not anywhere contain either plaintiff's or Officer Polo's name. Mot. at 3.

The City first argues that the note should be excluded because it was not properly disclosed to defendants pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii). Mot. at 4. Second, the City argues that the note should be excluded because the handwriting has not been authenticated as belonging to Officer Polo as required by Federal Rule of Evidence 901. Mot. at 5. Third, the City argues that the note is substantially more prejudicial than probative and therefore should be excluded under Federal Rule of Evidence 403. Mot. at 6. Finally, the City argues that the document is not legible, because the handwriting is dim with little acuity. Mot. at 6.

Plaintiff, however, argues that plaintiff had no duty to disclose the torn note under Fed. R. Civ. P. 26(a)(1)(A)(ii), because it was the City that was originally in possession of the note and who disclosed it to plaintiff during discovery. Opp'n at 3. Plaintiff also argues that the note has been properly authenticated, because Detective Sharon Giles has testified that the handwriting on the note belongs to Officer Polo. Opp'n at 3. Plaintiff argues that the note is relevant, because plaintiff has testified that Officer Polo told her not to tell anyone about him because he could get into trouble, and that the "similarities in language [between the note and what plaintiff testified that Officer Polo said to her] are striking and carry a substantial probative value." Opp'n at 4. Finally, the City argues that the evidence is admissible under Federal Rule of Evidence 404(b) as evidence "to prove motive, intent, plan, and preparation" and under Federal Rule of Evidence 406 "to show that Polo was in the habit and custom of using the language described by plaintiff."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

Opp'n at 4.

Under Federal Rule of Evidence 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Ninth Circuit has set forth a four-part test to determine whether evidence is admissible under 404(b):

> (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged.

Duran v. City of Maywood, 221 F.3d at 1132-1133 (9th Cir. 2000). In this case, the torn note is not admissible under 404(b), because, even if the handwriting on the note is authenticated as Officer Polo's, there appears to be no evidence that the note was written to plaintiff or that it referenced the alleged sexual assault that is the subject of the instant action. See id. Therefore, the existence of the note is not probative of a material issue in this case. See id.

Furthermore, contrary to plaintiff's argument, the evidence is not admissible as habit evidence under Federal Rule of Evidence 406. Federal Rule of Evidence 406 allows "evidence of the habit of a person" to be admitted "to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Habit evidence "describes one's regular response to a repeated specific situation." United States v. Angwin, 271 F.3d 786, 799 (9th Cir. 2001). Evidence that Officer Polo used certain language on one occasion in an unknown context, and that the language is similar to language plaintiff alleges that Officer Polo used with her, does not go toward proving his "regular response to a specific situation."

For the foregoing reasons, the Court finds that the torn note is not admissible for the liability phase. However, the Court reserves judgment as to whether such evidence is relevant to the question of whether the City should be subject to Monell liability. Accordingly, the Court GRANTS the City's motion in limine No. 13 with respect to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

liability phase of the trial. As to the question of <u>Monell</u> liability, the Court denies the City's motion without prejudice.

### 14.    "The Klopman Error"

The City argues that an error that Officer Ken Klopman made in a police report concerning a separate incident involving plaintiff should be excluded as irrelevant. Mot. at 3-4. Klopman and another officer were called to plaintiff's home by plaintiff's father after plaintiff locked herself in the bathroom approximately three weeks after the alleged rape. <u>Id.</u> at 2. The officers convinced plaintiff to come out of the bathroom and took a statement from her. <u>Id.</u> In that statement, plaintiff told the officers that Officer Polo had said that he wanted to have sex with her and did, in fact, have sex with her. <u>Id.</u> Klopman's report indicated that plaintiff had said that Officer Polo told plaintiff that he wanted to have sex with her, but that no sex had occurred. <u>Id.</u> at 3. The City argues that evidence of Klopman's mistake "has no bearing on whether the plaintiff was or was not sexually violated by [Officer Polo]." <u>Id.</u>

Plaintiff responds that evidence of Klopman's mistake should be admitted because defense expert Dr. Wilson states on page five of his Rule 26 report that he relied on Klopman's report. Opp'n at 3. Moreover, plaintiff argues that the jury may see Klopman's report as an exhibit and should be informed that Klopman erroneously believed that plaintiff denied being assaulted by Officer Polo.

The Court declines to issue a blanket order excluding Klopman's error. The jury may need to know that Klopman made a mistake if they see Klopman's report or Dr. Wilson's report. Therefore, the Court DENIES the City's motion in limine No. 14 without prejudice to its being renewed at trial.

### 15.    Officer Polo's Use of Gender Profanities

The City, joined by Officer Polo, argues that Officer Polo's use of gender profanities in his interview as part of the criminal investigation should be excluded, pursuant to Federal Rule of Evidence 402, because they are irrelevant. Mot. at 2. The City further argues that any probative value of this evidence would be outweighed by unfair prejudice and it therefore should be excluded pursuant to Federal Rule of Evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|----------|-----------------------|------|------------------|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

403. Id. at 3.

Plaintiff responds that Officer Polo's use of profanity is "probative of his habit, practice and attitude toward females" and therefore admissible pursuant to Federal Rule of Evidence 406. Opp'n at 3-4. Plaintiff argues that Officer Polo's use of profanity should be admissible "to bear on his motive and intent with respect to degrading females, and degrading the child-Plaintiff," pursuant to Federal Rule of Evidence 404(b). Id. at 6.

As noted in its discussion of the City's motion in limine No. 2, the Court concludes that evidence of the criminal investigation should be excluded for the liability phase of trial, but not for the questions of Monell liability. The Court further concludes that Officer Polo's use of gender profanities should excluded on the same terms as the report in which it is contained. The Court declines to admit the profanities separate from the report because Officer Polo's use of profanities in the interview does not amount to habit evidence, pursuant to Federal Rule of Evidence 406, and is not probative of his "motive and intent" to degrade plaintiff, pursuant to Federal Rule of Evidence 404(b). See Scott, 878 F.2d 386; Duran, 221 F.3d at 1132-1133. Therefore, the Court DENIES motion in limine No. 15 without prejudice to its being renewed at trial.

### 16.   To Bifurcate Constitutional Violation Issue from Monell and Punitive Damages Claims

The City, joined by Officer Polo, argues that the trial should be bifurcated to avoid unnecessarily burdening the jury with "extraneous, distracting, and complex issues." Mot. at 1. The City further argues that, if the jury returns a verdict for defendant on the Constitutional violation issue, the Court will save a great deal of time and resources. Id. at 2. Moreover, the City argues that Officer Polo "should not have to be judged by the jury's unpurgeable taint for having heard Monell-type evidence of allegedly bad policies and other allegedly bad actions by non-party officers." Id. The City contends the Court has ample authority to bifurcate a § 1983 claim. Id. (citing Quintanilla v. City of Downey, 84 F.3d 353 (9th Cir. 1996)). The City specifically seeks to exclude from phase 1 of the trial: evidence of police policies, arguments that jurors should "send a message" and punish defendants, discipline of Officer Polo in unrelated matters, discipline of other officers, closure of the Hemlock substation, and the wisdom of satellite storefront substations. Id. at 6-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|----------|----------------------|------|------------------|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

Defendant agrees that the punitive damages aspect of the case should be bifurcated, but that the Constitutional violation issue and <u>Monell</u> issue should be heard together. Opp'n at 3.  Defendant argues that separating the Constitutional violation issue from the <u>Monell</u> issue would be inconvenient, prejudicial, and would counter judicial economy. <u>Id.</u>

The Court concludes that the case should be trifurcated, with phase one addressing the Constitutional violation, phase two addressing the City's <u>Monell</u> liability, and phase three addressing damages.  The Court further concludes that evidence of police policies, "send a message" arguments, closure of the Hemlock substation, and the wisdom of satellite storefront substations should be excluded from phase one of the trial.  However, the discipline of Officer Polo in unrelated matters and the discipline of other officers are dealt with in separate motions in limine.  Therefore, the Court GRANTS the motion and trifurcates the case as to the Constitutional violation, <u>Monell</u> liability, and damages.

**B.     Officer Polo's Motions in Limine**

> **1.     Photographs, DVDs, and/or Other Audio-Visual Recordings Located in Officer Polo's Home that Depict His Personal, Private Life**

As part of its criminal investigation, the Oxnard Police Department obtained a search warrant for Officer Polo's personal residence.  Mot. at 1.  During the execution of that warrant, various photographs, DVDs, videos and other audio-visual recordings depicting Officer Polo with "consenting, adult paramours" were seized.  <u>Id.</u> at 1-2. Officer Polo argues that these items are not relevant to the question of whether Officer Polo sexually assaulted plaintiff and should be excluded pursuant to Federal Rule of Evidence 402.  <u>Id.</u> at 2 (citing <u>United States v. Schaff</u>, 948 F.2d 501 (9th Cir. 1991)). Officer Polo further argues that these items are substantially more prejudicial than probative and should be excluded pursuant to Federal Rule of Evidence 403.  <u>Id.</u> at 3 (citing <u>Old Chief v. United States</u>, 519 U.S. 172, 180 (1997); <u>Ballou v. Henri Studios</u>, 656 F.2d 1147 (5th Cir. 1981)).  Moreover, Officer Polo contends that admission of these items would "constitute a gross invasion of privacy."  <u>Id.</u> at 5.  Lastly, Officer Polo argues that these items are inadmissible character evidence pursuant to Federal Rule of Evidence 404.  <u>Id.</u> at 6-7.  Plaintiff does not oppose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

The Court concludes that this evidence should be excluded as irrelevant. Various audio-visual recordings of Officer Polo engaged in sexual activity with "consenting, adult paramours" is not relevant to plaintiff's claim against him and is therefore excluded pursuant to Federal Rule of Evidence 402. Therefore, in light of the substantial issues raised by Officer Polo and the fact that plaintiff does not oppose this motion, the Court GRANTS Officer Polo's motion in limine No. 1.

## 2.      Testimony Regarding Sexual Activity with Officer Polo at the Substation

Officer Polo seeks to exclude the testimony of A.J. that she engaged in sexual activity with Officer Polo at an Oxnard Police Department substation. Officer Polo argues that this evidence is irrelevant under Federal Rule of Evidence 402, would create unfair prejudice and is thus inadmissible under Federal Rule of Evidence 403, and is inadmissible character evidence under Federal Rule of Evidence 404.[7]

These arguments are similar to those presented by the City in its motion in limine No. 9. Consistent with the Court's analysis on that motion, the Court GRANTS Officer Polo's motion in limine No. 2 with respect to the liability phase of the trial. However, should plaintiff make a proper evidentiary showing at trial as to why this evidence should be admitted under Rule 404(b), the Court will revisit this ruling. As to the question of Monell liability, the Court denies the City's motion without prejudice.

## 3.      Testimony of Sexual Activity in the Substation Involving Other Officers

Officer Polo seeks to exclude testimony that other Oxnard Police Department officers engaged in sexual activity at the Substation.[8] Officer Polo contends this evidence

---

[7] Officer Polo also argues Jones is a "questionable source." The credibility of a witness' testimony, however, is grist for cross-examination, not a challenge under Federal Rules of Evidence 402, 403, or 404.

[8] The parties mention the semen evidence discussed above in the opposition and reply briefs on this motion. In light of the Court's separate discussion of this evidence on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|---|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

is irrelevant under Federal Rule of Evidence 402, unduly prejudicial under Federal Rule of Evidence 403, and would violate the other officers' constitutional right to privacy.

As to the issue of whether Officer Polo raped the plaintiff, this evidence has no relevance.  There is no allegation that this sexual activity was nonconsensual or involved minors.   As with the semen evidence and the Jones testimony, this also has no bearing on the issue of Officer Polo's opportunity to rape plaintiff.

Accordingly, the Court GRANTS Officer Polo's motion in limine No. 3 with respect to the liability phase of the trial.  As to the question of <u>Monell</u> liability, the Court denies the City's motion without prejudice.

**4.     Expert Opinions by Persons Not Disclosed by the July 16, 2008 Deadline**

For the reasons stated in the discussion regarding the City's motion in limine No. 4, the Court DENIES Officer Polo's motion in limine No. 4 without prejudice to its being renewed at trial.

**5.     Expert Opinions Concerning When Sexual Abuse Victims Report the Alleged Abuse**

Like the City, Officer Polo seeks to exclude expert testimony that was not disclosed prior to the July 16, 2008 disclosure date.  Mot. at 3.  In this motion, Officer Polo specifically objects to the testimony of Dr. Maria T. Lymberis concerning the typicality for sexual abuse victims to delay their reporting of abuse.  Mot. at 2.  Officer Polo argues that these disclosures were required 90 days before the original trial date under Federal Rule of Civil Procedure 26(a)(2)(C)(I).  Plaintiff argues that this is rebuttal testimony, as discussed above as to the City's motion in limine No. 4, and thus admissible under FRCP 26(a)(3)(C)(ii).

In accordance with the Court's analysis and reasoning on the City's motion in

---

the City's motion in limine number 8, the Court does not address it again here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|---|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

limine No. 4, because it would exclude some potentially admissible evidence, the Court DENIES Officer Polo's motion in limine No. 4 without prejudice to its being renewed at trial.

**6.      Evidence of Officer Polo's Sexual Reputation**

Officer Polo seeks to exclude evidence regarding his sexual reputation or rumors thereof under Federal Rules of Evidence 401, 403, and 404.  Plaintiff does not oppose. Under Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion.   In light of the substantial issues raised by Officer Polo and the fact that plaintiff does not oppose this motion, Officer Polo's motion in limine No. 6 is GRANTED.

**7.      Evidence Pertaining to Employment Actions That May Have Been Taken Against Officer Polo**

Officer Polo argues that any employment actions that may have been taken by the Oxnard Police Department against him following plaintiff's allegations are irrelevant, pursuant to Federal Rule of Evidence 402, because they "have no bearing on whether the plaintiff was raped." Mot. at 2.   Officer Polo further argues that any probative value of such evidence would be substantially outweighed by unfair prejudice and should be excluded pursuant to Federal Rule of Evidence 403. Id.  Moreover, Officer Polo contends that evidence of any subsequent remedial employment action taken against Officer Polo creates an "undue inference of culpable conduct."  Id. at 3.

The Court concludes that evidence pertaining to employment actions taken against Officer Polo after plaintiff's allegations is of limited relevance to plaintiff's allegations. Furthermore, this limited relevance is outweighed by the risk of unfair prejudice because the jury may draw inferences of guilt from the fact that the Oxnard Police Department took administrative action against Officer Polo.  Therefore, this evidence should be excluded at the liability phase of trial pursuant to Federal Rule of Evidence 403. However, information pertaining to employment action taken by the Oxnard Police Department against Officer Polo may be relevant to plaintiff's contention that the City is subject to Monell liability.  Accordingly, the Court GRANTS defendants' motion in limine No. 2 insofar as it would exclude this evidence during the liability phase of trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|---|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

As to the question of <u>Monell</u> liability, the Court denies defendants' motion without prejudice.

### 8.     Prior Civil Lawsuits, Discipline, or Complaints Against Officer Polo

Officer Polo argues that evidence of prior civil lawsuits, discipline or complaints against him should be excluded as irrelevant pursuant to Federal Rule of Evidence 402. Mot. at 1-2. Officer Polo further argues any probative value of such evidence would be substantially outweighed by a danger of unfair prejudice and should be excluded pursuant to Federal Rule of Evidence 403. Mot. at 2. Moreover, Officer Polo argues that such evidence would be impermissible character evidence and should therefore by excluded pursuant to Federal Rule of Evidence 404. <u>Id.</u>

Plaintiff responds that Officer Polo was investigated for a complaint made by a 16 year-old female Explorer Scout who claimed that Officer Polo inappropriately asked her to come to his house to cook him dinner and have her photographs taken. Opp'n at 3. Plaintiff argues that evidence of this incident should be admitted pursuant to Federal Rule of Evidence 406, as evidence of habit and custom, and pursuant to Federal Rule of Evidence 404(b), as evidence of Officer Polo's "motive, intent, plan, opportunity, preparation, and/or knowledge." <u>Id.</u> Plaintiff further argues that Officer Polo's request is an improper attempt to "obtain a blank order of exclusion on any complaints and disciplinary actions against him." <u>Id.</u> at 4. Plaintiff contends that such an exclusion would be improper because plaintiff is allowed to solicit evidence of prior bad acts to show motive, intent, plant, opportunity, preparation, knowledge, or identity, pursuant to Federal Rule of Evidence 404(b), and to show habit and custom, pursuant to Federal Rule of Evidence 406. <u>Id.</u>

Officer Polo responds that plaintiff has not provided sufficient evidence to show that the incident with the Explorer Scout or any other prior bad act would be admissible under Federal Rule of Evidence 404(b). Reply at 1-2 (citing <u>United States v. Lewis</u>, 787 F.2d 1318, 1321 (9th Cir. 1986) ("the use of other crimes evidence is not looked on favorably and its use must be narrowly circumscribed and limited")). Officer Polo further argues that this evidence lacks probative value and would be highly prejudicial. <u>Id.</u> at 3. Lastly, Officer Polo contends that evidence of uncorroborated allegations from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

an unidentified female scout would lead to a time wasting mini-trial. Id. at 3-4.

As discussed in the City's motion in limine No. 10, the incident with the Explorer Scout is inadmissible character evidence. However, the Court concludes that evidence of prior lawsuits, discipline, or complaints against Officer Polo is admissible at the liability phase of trial for the limited purposes of impeaching Officer Polo's credibility as a witness, to the extent that they bear on his character for truthfulness, pursuant to Federal Rule of Evidence 608. Plaintiff has failed to show that any such evidence would otherwise be admissible pursuant to Federal Rule of Evidence 404(b) or 406. Furthermore, such evidence may also be relevant to plaintiff's contention that the City is subject to Monell liability. Accordingly, the Court DENIES Officer Polo's motion in limine No. 8 without prejudice to its being renewed at trial.

### 9. Employment Actions That May Have Been Taken Against Other Officers Following Plaintiff's Allegations

Officer Polo argues that evidence of employment actions taken by the Oxnard Police against other officers following its investigation of plaintiff's allegations should be excluded as irrelevant, pursuant to Federal Rule of Evidence 402. Officer Polo further argues that any probative value of this evidence is outweighed by the danger of unfair prejudice, confusion of issues, and undue delay, and should therefore be excluded pursuant to Federal Rule of Evidence 403. Plaintiff does not oppose this motion.

The Court concludes that employment actions that may have been taken against other officers following plaintiff's allegations are irrelevant to the liability phase of the trial. However, these employment actions may be relevant to plaintiff's contention that the City is subject to Monell liability. Accordingly, the Court GRANTS Officer Polo's motion in limine No. 9 insofar as it would exclude this evidence during the liability phase of trial. As to the questions of Monell liability, the Court denies defendants' motion without prejudice to its being renewed at trial.

### 10. Brady Letter Issued to Officer Polo in an Unrelated Matter

For the reasons stated in the discussion regarding the City's motion in limine No. 1, the Court GRANTS Officer Polo's motion in limine No. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

### 11.    Evidence of Alleged Inappropriate Conduct Towards an Explorer Scout

Officer Polo seeks to exclude evidence of inappropriate conduct towards a female Explorer Scout.  Mot. at 1.  Officer Polo argues the statement is inadmissible hearsay under Federal Rule of Evidence 802, inadmissible character evidence under Federal Rule of Evidence 404, and unduly prejudicial under Federal Rule of Evidence 403(b).

Plaintiff opposes, and argues the alleged conduct is admissible under Federal Rule of Evidence 415 as evidence of the commission of another sexual assault, under Federal Rule of Evidence 404(b) as "other acts" evidence , and under Federal Rule of Evidence 406 as custom or habit.

The evidence at issue is discussed in detail in the Court's discussion of the City's motion in limine No. 10.  Consistent with that analysis, the Court GRANTS Officer Polo's motion in limine No. 11.  However, should plaintiff make a proper evidentiary showing at trial as to why this evidence should be admitted under Rule 404(b), the Court will revisit this ruling.

### 12.    To Preclude Plaintiff from Referring to Officer Polo as "Suspect"

Officer Polo argues that referring to him as "suspect" is irrelevant and should not be allowed pursuant to Federal Rule of Evidence 402.  Officer Polo further argues that referring to him as suspect would be unfairly prejudicial and should not be allowed pursuant to Federal Rule of Evidence 403.  Plaintiff does not oppose this motion.

The Court concludes that referring to Officer Polo as a "suspect" would be of no probative value and would unfairly prejudice Officer Polo.  Therefore, the Court GRANTS Officer Polo's motion in limine No. 12.

### C.    Plaintiff's Motions in Limine

### 1.    Exclusion of Testimony on Plaintiff's Lies on Collateral Matters

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

Plaintiff argues that testimony about plaintiff's lies as to "other matters (i.e.: doing her homework, having sexual contacts with boys, attempting suicide, drinking alcohol, etc.) are collateral matters" and are therefore irrelevant and inadmissible. Mot. at 4. Plaintiff contends that Rule 404(a) prohibits this testimony because it would be offered to establish her character as a liar. Moreover, plaintiff claims that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, the risk of causing confusion of the issues, or the risk of consumption of time (e.g., mini trials) as set forth in Federal Rule of Evidence 403.

Both defendants oppose this motion.

The City argues that Federal Rule of Evidence 608(b) allows a witness to be cross examined regarding specific instances of misconduct for the purpose of attacking or supporting the witnesses's credibility if they are probative of the witness' character for truthfulness. United States v. Geston, 299 F.3d 1130, 1137 (9th Cir. 2002) (noting that a district court's decision to exclude cross-examination under Rule 608(b) is reviewed for an abuse of discretion).

Officer Polo argues that this motion lacks specificity and factual support and should therefore be denied. Polo's Opp'n at 2. Moreover, Officer Polo argues that there are many inconsistencies within plaintiff's own testimony that demonstrate the relevance of other previous lies by plaintiff.

In reply, plaintiff attacks this vague argument and specifically refers to testimony by defendant's expert Dr. Stephen Wilson, which allegedly opined that plaintiff "was fabricating events, lies, tends to exaggerate" as evidence that she wants to exclude. Reply at 2.

As the Court concluded in the City's motion in limine No. 1, specific instances of conduct concerning the witness's character for truthfulness may not be proven by extrinsic evidence, although they may be inquired into upon cross-examination of the witness. Additionally, as the Court concluded in the City's motion in limine No. 4, an expert typically cannot opine as to plaintiff's credibility on the ultimate issue. Thus, the Court DENIES plaintiff's motion without prejudice to its being renewed at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|---|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

### 5.   Evidence of Plaintiff's Parents Divorce or any Disputes or Violence between Them

Plaintiff seeks to exclude all testimony, examination, and cross-examination relating to her parents' divorce and/or any disputes or violence between her parents.

In opposition, Officer Polo argues that the relationship of plaintiff's parents is relevant to the issue of damages, since plaintiff alleges severe psychological and emotional harm as a result of the alleged rape, and seeks damages including psychiatric and psychological expenses.  Since plaintiff has put her mental health at issue, Officer Polo argues he must be able to investigate the causes of her mental health injuries.

Plaintiff alleges that such testimony would violate her parents' constitutional right to privacy, as established in Griswold v. Connecticut, 381 U.S. 479 (1965).  Tellingly, plaintiff can point to no federal case that has construed Griswold to exclude testimony or bar questioning of the effects of marital strife.   While Griswold recognized a right to marital privacy, it is not an absolute right that bars all inquiry into the marital relationship, particularly when a child's emotional and psychological health is involved.  See e.g., Flood v. Phillips, 90 Fed. Appx. 108, 116 (6th Cir. 2004) (finding "the state's interest in combating child molestation overrides Petitioner's [marital] privacy interest" under Griswold); U.S. v. Bahe, 128 F.3d 1440, 1446 (10th Cir. 1997) (recognizing "an exception to the marital communications privilege for spousal testimony relating to the abuse of a minor child within the household").

Plaintiff's reliance on Hunter Tylo v. Superior Court of Los Angeles County, No. B108200 (Cal. Ct. App. June 24, 1997) is misplaced.  There, the court refused to require disclosure of the details of the plaintiff's marriage where it would be "a true fishing expedition" to ascertain whether there was any other source of emotional distress.  Pl.'s Reply, Ex. 1 at 11.   Since both plaintiff and plaintiff's expert have identified emotional distress and behavioral problems, including a 2006 psychiatric hospitalization, with roots in the dissolution of and violence in her parents' marriage,  this is far from a "fishing expedition."  Polo Opp'n at 4-5, Ex. B; City's Opp'n at 1-2.

Since defendants have made no argument that this evidence is relevant to any issue of liability, the Court GRANTS plaintiff's motion in limine No. 5 as to the liability phase

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|----------|------------------------|---|------|------------------|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

of trial. However, because evidence of her parents' divorce and any violence or disputes between her parents may be relevant to the issue of damages, the Court denies plaintiff's motion in limine No. 5 without prejudice as to the damages phase.

## 6.      Decision by the District Attorney Not to Prosecute

Plaintiff seeks to exclude the decision of the District Attorney's Office not to prosecute Officer Polo for her rape. Plaintiff argues that the evidence is unduly prejudicial and should be excluded under Federal Rule of Evidence 403, and is also inadmissible lay opinion evidence under Federal Rule of Evidence 401.

The decision not to prosecute is highly discretionary and demonstrates nothing more than the opinion of the prosecutor. See Goldstein v. City of Long Beach, 481 F.3d 1170, 1173 (9th Cir. 2007) (discussing absolute immunity for decisions not to prosecute). Therefore, despite Officer Polo's argument that the District Attorney's decision was wise, the decision itself has no probative value. As the First Circuit noted in approving the exclusion of acquittals or other favorable outcomes, "such evidence ordinarily does not prove innocence. . . . After all, cases are dismissed for a variety of reasons, many of which are unrelated to culpability." U.S. v. Marrero-Ortiz, 160 F.3d 768, 775 (1st Cir. 1998).

All that the decision not to prosecute can accurately show is that the District Attorney was of the opinion that the case should not be prosecuted. This minimal probative value is outweighed by the possibility that jurors unfamiliar with the judicial process might be misled. See, e.g., Marrero-Ortiz, 160 F.3d at 776 (upholding exclusion of dismissal since it "may have served to confuse the jury rather than to assist it"); U.S. v. Thomas, 114 F.3d 228, 250 (D.C. Cir. 1997) (finding judgments of acquittal properly excluded as they may "be more prejudicial than probative"); U.S. v. Kerley, 643 F.2d 299, 301 (5th Cir. 1981) (upholding exclusion of acquittal under Rule 403).

Accordingly, the Court GRANTS plaintiff's motion in limine No. 6.

## 7.      Evidence of Plaintiff's Use of Illicit Drugs or Alcohol

Plaintiff seeks to exclude evidence of her use of illicit drugs or alcohol prior to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

rape.  Plaintiff argues that such evidence would be unfairly prejudicial and should be excluded under Federal Rule of Evidence 403.

Both the City and Officer Polo argue this evidence is relevant to the issue of damages, since plaintiff claims that the alleged rape led to increased drug and alcohol use.  Polo Opp'n at 3; Oxnard Opp'n Under Seal.  The City also argues that this evidence shows plaintiff's "motive for bringing this lawsuit – to win money to obtain more controlled substances."  Oxnard Opp'n Under Seal.

Since plaintiff has placed the question of drug and alcohol use in issue with regard to damages, mitigating evidence that her drug and alcohol abuse preceded the events herein is relevant on the issue of damages.  At the same time, the City's indication that it intends to probe every detail of plaintiff's drug and sexual history in order to impugn her motives for the lawsuit is inappropriate and unduly prejudicial.  Oxnard Opp'n Under Seal.

Since there are no relevant uses for this evidence other than to establish damages, the Court GRANTS plaintiff's motion in limine No. 7 as to the liability phase of trial, and DENIES it without prejudice as to the damages phase.

### 8.    Exclusion of Opinion Testimony from Defense Expert that Plaintiff was Lying About Being Raped by Officer Polo

Plaintiff argues that any testimony by defense expert(s) that plaintiff was or is lying about the fact that she was raped by Officer Polo is inadmissible.  Additionally, plaintiff seeks to preclude testimony from defense experts that plaintiff is a liar or has lied in the past regarding other matters.  The probative value of this testimony, she argues, is substantially outweighed by the danger of unfair prejudice, the risk of confusing the jury, and unnecessary consumption of time.  Federal Rule of Evidence 403.  Third, plaintiff argues that any testimony by any expert about her alleged lies is inadmissible character evidence.  Fourth, plaintiff argues that defense expert Dr. Stephen Wilson's opinion in his Rule 26 report is an improper expert opinion in violation of Rule 702.

The City agrees with plaintiff on the exclusion of the narrow issue of whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|---|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

plaintiff was or is lying about being raped by Officer Polo. Def. Oxnard's Opp'n at 1. Otherwise, the City argues that Dr. Stephen Wilson's examination, reports and opinion of plaintiff's mental, psychological and emotional capacities is admissible on the issue of damages. Id. at 3.

Officer Polo agrees that "[t]he defense does not seek to elicit an opinion from the expert as to whether J.W. is lying about Officer Polo raping her." Polo's Opp'n at 2. Nevertheless, Officer Polo argues that an expert can opine as to whether the patient is a reliable historian. Additionally, Officer Polo argues that the expert should be able to testify about his opinion regarding plaintiff's psychological testing, specifically that her failure to adequately submit responses was a result of her intentional exaggeration. Id. at 2.

In reply, plaintiff objects to the expert's report because Officer Polo's opposition refers to Dr. Wilson as a clinical psychologist when he is a psychiatrist. Moreover, she argues, the opinion that plaintiff's examinations was "grossly over-elevated most likely because of deliberate malingering or an extreme plea for help" was not included in the Rule 26 report and is therefore inadmissible. (Pl.'s Reply 2:12-17.)

The Court GRANTS the motion and excludes any testimony by defense experts regarding whether plaintiff was and/or is lying about whether Officer Polo raped her. As the Court noted in its discussion of the City's motion in limine No. 4, expert testimony that deals with plaintiff's credibility must be excluded. Accordingly, this exclusion incorporates any opinion as to plaintiff being a "reliable historian" because it is just another way of characterizing plaintiff's veracity. Even though this is a civil case, the expert's testimony as to plaintiff's veracity on other matters not related to the alleged rape incident fails because it is irrelevant to the legal conclusion sought to be proven here (i.e., whether plaintiff is telling the truth that Officer Polo raped her).

Aside from the above exclusions, however, the Court DENIES the motion as to Dr. Wilson's opinions of plaintiff's psychological evaluation as outlined in the City's opposition *limited only* to lines 26 of page 3, to line 20 of page 20. Plaintiff's other arguments to support exclusion fail.

**9.     Exclusion of Opinion Testimony or Evidence that Plaintiff's**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

**Parents Were Uncertain as to Whether Plaintiff Was Lying About Rape**

Plaintiff seeks to exclude any testimony or evidence that plaintiff's parents initially "were uncertain whether [p]laintiff was lying about the fact that she was raped by [d]efendant Polo, or did not believe her initially."  Plaintiff relies on the same argument above that plaintiff's truthfulness is only to be determined by the jury.  See discussion supra.  She also argues that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, and by the risk of causing confusion of the issues to the jury.  Fed. R. Evid. 403.  Plaintiff further argues that this evidence is inadmissible character evidence.  Additionally, plaintiff argues that this information is irrelevant and should therefore be excluded, pursuant to Federal Rule of Evidence 402.

The City agrees that the parents' testimony or evidence as to their belief of plaintiff's story should not be admitted to prove whether Officer Polo raped plaintiff.  Rather, the City argues that this information is probative of whether the police demonstrated a deliberate indifference by failing to investigate this suspected child abuse in a timely manner.  Officer Polo also argues that this information is probative as to why no investigation commenced when an Oxnard officer was first advised of this rape allegation two weeks after the alleged rape incident.  Additionally, Officer Polo argues that the evidence is admissible to show prior inconsistent statements.  For example, in her deposition, plaintiff's mother explained that she wholeheartedly believed her daughter when she said she was raped by Officer Polo.

The Court finds that this evidence should be excluded insofar as it is proffered to prove whether plaintiff is credible in alleging that Officer Polo raped her.  Thus, plaintiff's motion in limine No. 9 is GRANTED as to the liability phase of trial.  As to the question of Monell liability, the Court DENIES the City's motion without prejudice.

**10.  Expert Opinions of Dr. Stephen Wilson Not Discussed in his Rule 26 Report**

Plaintiff seeks a blanket exclusion of any expert opinion given by defendants' expert witness Dr. Stephen Wilson not discussed in his report and submitted pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

Both the City and Officer Polo oppose the motion based on its lack of specificity. The City further opposes, claiming that there was no prefiling conference on this subject matter, in violation of Local Rule 7-3, and that the contrary indication on the motion's cover page is false.

Plaintiff concedes she has no knowledge of any opinions not contained in Rule 26 to which Dr. Wilson may testify. Opp'n at 2. As such, the Court DENIES plaintiff's motion in limine No. 10 without prejudice to its being renewed at trial.

## III.   CONCLUSION

In accordance with the foregoing, the Court finds and concludes as follows:

(1) The City's motion in limine No. 1 is GRANTED.

(2) The City's motion in limine No. 2 is GRANTED insofar as it would exclude this evidence during the liability phase of trial. As to the question of <u>Monell</u> liability, the Court DENIES the City's motion without prejudice.

(3) The City's motion in limine No. 3 is DENIED without prejudice to its being renewed as to specific proffers at trial.

(4) The City's motion in limine No. 4 is DENIED without prejudice to its being renewed at trial.

(5) The City's motion in limine No. 5 is GRANTED.

(6) The City's motion in limine No. 6 is GRANTED.

(7) The City's motion in limine No. 7 is GRANTED insofar as it would exclude this evidence during the liability phase of trial. As to the question of <u>Monell</u> liability, the Court denies the City's motion without prejudice.

(8) The City's motion in limine No. 8 is GRANTED insofar as it would exclude this evidence during the liability phase of trial. As to the question of <u>Monell</u> liability, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|---|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

Court denies the City's motion without prejudice.

(9) The City's motion in limine No. 9 is GRANTED insofar as it would exclude this evidence during the liability phase of trial.  However, should plaintiff make a proper evidentiary showing at trial as to why this evidence should be admitted under Rule 404(b), the Court will revisit this ruling.  As to the question of <u>Monell</u> liability, the Court denies the City's motion without prejudice.

(10) The City's motion in limine No. 10 is GRANTED insofar as it would exclude this evidence during the liability phase of trial.  However, should plaintiff make a proper evidentiary showing at trial as to why this evidence should be admitted under Rule 404(b), the Court will revisit this ruling.  As to the question of <u>Monell</u> liability, the Court denies the City's motion without prejudice.

(11) The City's motion in limine No. 11 is DENIED without prejudice to its being renewed at trial.

(12) The City's motion in limine No. 12 is DENIED without prejudice to its being renewed at trial.

(13) The City's motion in limine No. 13 is GRANTED insofar as it would exclude this evidence during the liability phase of trial.  As to the question of <u>Monell</u> liability, the Court denies the City's motion without prejudice.

(14) The City's motion in limine No. 14 is DENIED without prejudice to its being renewed at trial.

(15) The City's motion in limine No. 15 is DENIED without prejudice to its being renewed at trial.

(16) The City's motion to bifurcate the Constitutional violation issue from the <u>Monell</u> and punitive damages claims is GRANTED.  The Court further concludes that the trial should be trifurcated as to the Constitutional violation, <u>Monell</u> liability, and damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | | Date | October 27, 2008 |
|----------|----------------------|---|------|------------------|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | | |

(17) Officer Polo's motion in limine No. 1 is GRANTED.

(18) Officer Polo's motion in limine No. 2 is GRANTED insofar as it would exclude this evidence during the liability phase of trial. However, should plaintiff make a proper evidentiary showing at trial as to why this evidence should be admitted under Rule 404(b), the Court will revisit this ruling. As to the question of <u>Monell</u> liability, the Court denies Officer Polo's motion without prejudice.

(19) Officer Polo's motion in limine No. 3 is GRANTED insofar as it would exclude this evidence during the liability phase of trial. As to the question of <u>Monell</u> liability, the Court denies Officer Polo's motion without prejudice.

(20) Officer Polo's motion in limine No. 4 is DENIED without prejudice to its being renewed at trial.

(21) Officer Polo's motion in limine No. 5 is DENIED without prejudice to its being renewed at trial.

(22) Officer Polo's motion in limine No. 6 is GRANTED.

(23) Officer Polo's motion in limine No. 7 is GRANTED insofar as it would exclude this evidence during the liability phase of trial. As to the question of <u>Monell</u> liability, the Court denies Officer Polo's motion without prejudice.

(24) Officer Polo's motion in limine No. 8 is DENIED without prejudice to its being renewed at trial.

(25) Officer Polo's motion in limine No. 9 is GRANTED insofar as it would exclude this evidence during the liability phase of trial. As to the question of <u>Monell</u> liability, the Court denies Officer Polo's motion without prejudice.

(26) Officer Polo's motion in limine No. 10 is GRANTED.

(27) Officer Polo's motion in limine No. 11 is GRANTED. However, should plaintiff make a proper evidentiary showing at trial as to why this evidence should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

admitted under Rule 404(b), the Court will revisit this ruling.

(28) Officer Polo's motion in limine No. 12 is GRANTED.

(29) Plaintiff's motion in limine No. 1 is DENIED without prejudice to its being renewed at trial.

(30) Plaintiff's motion in limine No. 5 is GRANTED as to the liability phase of trial. As to the damages phase of the trial, the Court denies plaintiff's motion without prejudice.

(31) Plaintiff's motion in limine No. 6 is GRANTED.

(32) Plaintiff's motion in limine No. 7 is GRANTED as to the liability phase of trial. As to the damages phase of the trial, the Court denies plaintiff's motion without prejudice.

(33) Plaintiff's motion in limine No. 8 is GRANTED only as to any testimony by defense experts regarding whether plaintiff was and/or is lying about whether Officer Polo raped her.

(34) Plaintiff's motion in limine No. 9 is GRANTED as to the liability phase of trial. As to the question of <u>Monell</u> liability, the Court DENIES the City's motion without prejudice.

(35) Plaintiff's motion in limine No. 10 is DENIED without prejudice to its being renewed at trial.

IT IS SO ORDERED

00   :   30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06191 CAS (SHx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | J.W., a minor, through her guardian ad litem Mark Wilson v. City of Oxnard, Martin Polo, and Does 1 through 10 | | |

Initials of Preparer          CMJ